CHARLIE H. ANGE, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion filed September 30, 1929.

*W. P. Chavous and O. O. Edwards,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BROWN, J.—Plaintiff in error was indicted for defamation of character under Section 7193 Comp. Gen. Laws. The indictment charged that the defamatory statement was made in the presence and hearing of William M. Mills. There was a variance between the pleading and the proof. The testimony of Mills, who was a sheriff of the county, failed to show that all of the defamatory statement, as set out in the indictment, was made while he was present.

It appears from the transcript that this statement was made by the defendant in the office of the County Judge, to whom he had gone to obtain a warrant against the party with reference to whom the statement was made, and that Sheriff Mills came into the office subsequently to the making of the entire statement to the County Judge, and, according to the sheriff's testimony as to what he heard the defendant say, it differed quite materially from the statement as alleged in the indictment. The rule is that the defamatory language must be proved substantially as alleged, and that an allegation of the publication to one person is not supported by a proof of a publication to another. 37 C. J. 151.

Furthermore, it would appear that the testimony of the County Judge, as to the making of the defamatory statement by the defendant when he was in the County Judge's office seeking to get the said official to issue a warrant against the prosecutrix, was a privileged communication, and that the objections of the defendant to its admission should have been sustained. It appears that the statement was pertinent to the charge which the defendant was preferring and to which he made affidavit before the County Judge, who issued the warrant. The doctrine is well settled that defamatory words when used by parties, counsel, or witnesses in the due course of judicial procedure, and when relevant to the matter in hand, and pertinent to the subject of inquiry, are privileged and cannot be made the basis of a proceeding for libel or defamation, no matter how false or malicious such statements may in fact be. Myers v. Hodges, 53 Fla. 197, 44 So. R. 357. This rule of privilege as applied to statements made in the course of judicial proceedings is not restricted to trials of actions, but includes proceedings before a competent court or magistrate in the due course of law or the admin-

istration of justice which is to result in any determination or action by such court of officer. This privilege extends to the protection of the judge, parties, counsel and witnesses, and arises immediately upon the doing of any act required or permitted by law in the due course of the judicial proceedings or as necessarily preliminary thereto. See 36 C. J. 1250 et seq., and cases cited.

As was pointed out in Myers v. Hodges, *supra*, defamatory words published in the due course of judicial procedure, which are not relevant or pertinent to the subject of inquiry, are only conditionally or qualifiedly privileged, that is, *prima facie* privileged. If such publications be irrelevant, they do not necessarily become actionable unless they were also malicious.

While a party may not be prosecuted for libel or defamation on account of relevant statements made in the course of judicial proceedings, even though false and malicious, this does not mean that a person unjustifiably prosecuted is without other means of redress, such for instance as an action for malicious prosecution.

Reversed and remanded.

TERRELL, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., concurs in the opinion and judgment.

STRUM AND BUFORD, J. J., dissent.