546 So.2d 750 (1989)
Arthur A. SCOZARI, Appellant,
v.
Nathaniel BARONE, Jr., Appellee.
No. 87-2955.
District Court of Appeal of Florida, Third District.
July 11, 1989.
Arthur A. Scozari, pro se.
Michael B. Cohen, Miami, for appellant.
*751 Magill & Lewis, and R. Fred Lewis, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
PER CURIAM.
Arthur Scozari lived with Maureen Kennedy in his Golden Beach home. Together, the parties had a child out of wedlock, Lisa. Thereafter, Scozari left Florida with Lisa. Kennedy then hired attorney Nathaniel Barone. Barone instituted habeas corpus proceedings against Scozari which Barone subsequently abandoned. Additionally, Barone filed an action seeking to impose an equitable lien and a lis pendens against Scozari's Golden Beach home. That action, which was dismissed on the merits by the circuit court after an evidentiary hearing, forms the basis of Scozari's claim against Barone for malicious prosecution, conspiracy to maliciously prosecute, and abuse of process. As to these claims, Barone answered and subsequently moved for summary judgment which was thereafter granted. We hold that the trial court erred in granting Barone's motion for summary judgment.
In order to recover on a claim of malicious prosecution, the plaintiff must prove six separate elements: (1) the commencement or continuation of an original civil or criminal judicial proceeding; (2) its legal causation by the present defendant against the plaintiff; (3) its bona fide termination in favor of the plaintiff; (4) the absence of probable cause for such prosecution; (5) the presence of malice; and (6) damages conforming to legal standards resulting to the plaintiff. Phelan v. City of Coral Gables, 415 So.2d 1292 (Fla. 3d DCA 1982); Fee, Parker & Lloyd, P.A. v. Sullivan, 379 So.2d 412 (Fla.4th DCA), cert. denied, 388 So.2d 1119 (Fla. 1980). See also Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878 (1931); Tatum Bros. Real Estate & Inves. Co. v. Watson, 92 Fla. 278, 109 So. 623 (1926).
Plaintiff's inability to prove any one of these six elements may defeat the cause of action for malicious prosecution. Kalt v. Dollar Rent-A-Car, 422 So.2d 1031 (Fla. 3d DCA 1982). The existence or nonexistence of probable cause is a question of law for the court to determine. City of Pensacola v. Owens, 369 So.2d 328 (Fla. 1979); Central Florida Mach. Co. v. Williams, 424 So.2d 201 (Fla. 2d DCA), review denied, 434 So.2d 886 (Fla. 1983). Upon hearing all the evidence, if the trial court determines that Barone acted without probable cause, it will then be the jury's responsibility to determine whether Barone acted with malice.
Malice is a fact to be proven by the plaintiff as a necessary ingredient of the charge of malicious prosecution and is not synonymous with want of probable cause although it may be inferred from want of probable cause. White v. Miami Home Milk Producers Ass'n, 143 Fla. 518, 197 So. 125 (1940). Malice is not only an essential element of malicious prosecution; it is the gist of the cause of action. Wilson v. O'Neal, 118 So.2d 101 (Fla. 1st DCA), cert. dismissed, 122 So.2d 403 (Fla. 1960). It is for a jury to make a determination as to the presence of malice and the damages, if any, which resulted from Barone's actions. Therefore, the summary judgment granted Barone as to the claims of malicious prosecution and conspiracy to maliciously prosecute was error requiring reversal.
As to Scozari's claim of abuse of process, such an action involves the use of criminal or civil legal process against another primarily to accomplish a purpose for which it was not designed. Bothmann v. Harrington, 458 So.2d 1163 (Fla. 3d DCA 1984); see Cline v. Flagler Sales Corp., 207 So.2d 709 (Fla. 3d DCA 1968). For the cause of action to exist, there must be a use of the process for an immediate purpose other than that for which it was designed. There is no abuse of process, however, when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior purpose. As noted in Bothmann, 458 So.2d at 1169, the usual case of abuse of process involves some form of extortion. See Restatement *752 (Second) of Torts § 682, comment b (1977); W. Prosser, Handbook of the Law of Torts § 121 (4th ed. 1971).
On the claim of abuse of process, the gravamen of Scozari's complaint is the issuing and employment of a writ for other than its intended purpose. Here, Barone's own testimony indicates that he employed the action for the writ at least in part as a bargaining chip. If there was a reasonable basis in law and fact to initiate the judicial proceedings, then these processes were justified even though they may have served some other collateral purpose. However, if there was no reasonable basis in law and fact to bring the action to impress a lien on property, and this was done without any reasonable justification under the law and to force or compel the appellant to resolve some custody dispute, induce the appellant to pay money, or tie up the appellant's property, then there has been an abuse of process. These are genuine issues of material fact precluding summary final judgment in Barone's favor on this theory also. On remand, the defendant may produce sufficient evidence to negate the abuse of process claim notwithstanding the admission mentioned above.
Accordingly, the decision of the trial court is reversed and the case remanded.