748 So.2d 1054 (1999)
AMERICAN NATIONAL TITLE & ECROW OF FLORIDA, INC. and Barbara Rush, Appellants/Cross-Appellees,
v.
The GUARANTEE TITLE & TRUST COMPANY, an Ohio corporation, T.A. Title Insurance Company, a Pennsylvania corporation, American Pioneer Title Insurance Company, a Florida corporation, Keith Mack Lewis Cohen & Lumpkin, attorneys at law, Robert Cohen, Esquire, Jeffrey Shapiro, Esquire, Larry A. Rothenberg, Equity Title Company/Southeast, Thomas H. Mongan, and J. William Cotter, Appellees/Cross-Appellants.
No. 98-2688.
District Court of Appeal of Florida, Fourth District.
November 24, 1999.
Rehearing Denied January 21, 2000.
John R. Hargrove, W. Kent Brown and Moises Melendez of Heinrich Gordon Hargrove Weihe & James, P.A., Fort Lauderdale, for Appellants/Cross-Appellees.
Robert G. Menzies of Roetzel & Andress, Naples, for Appellee/Cross-Appellants The Guarantee Title and Trust Company and Thomas H. Mongan.
John H. Pelzer of Ruden, McClosky, Smith, Schuster & Russell, P.A. Fort Lauderdale, for Appellees/Cross-Appellants T.A. Title Insurance Company and J. William Cotter.
Kenneth R. Drake of Peters Robertson DeMahy Parsons Mowers Passaro & *1055 Drake, P.A., Miami, for Appellee/Cross-Appellant Larry A. Rothenberg.
Roderick F. Coleman of Coleman & Associates, P.A., Coral Gables, for Appellees/ Cross-Appellants Keith Mack Lewis Cohen & Lumpkin, Jeffrey Shapiro, Esquire and Robert Cohen, Esquire.
WARNER, C.J.
The trial court entered summary judgment in favor of appellees, a law firm, in this action for abuse of process on the ground of absolute immunity. We affirm on the authority of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Insurance Co., 639 So.2d 606 (Fla.1994).
The Guarantee Title & Trust Company, an underwriter of title insurance, sued appellant American National Title & Escrow of Florida, Inc. in Broward County, seeking an accounting of title insurance records, alleging that American owed it certain monies. The parties resolved the case, and Guarantee entered a voluntary dismissal of the action. On the same day that the Broward suit was voluntarily dismissed, Guarantee and T.A. Title, another underwriter, through the law firm of appellee, Keith Mack, brought a petition for injunction in Dade County for the appointment of a receiver to obtain insurance records from American for the proper handling of claims. The Dade County court granted the temporary injunction and also appointed Larry Rothenberg as receiver. The court also entered an order authorizing the receiver to take control of American's business and to gain entry into American's offices and the home of American's president, Barbara Rush, to obtain the insurance records.
In American's complaint for abuse of process and related tortious conduct against Keith Mack, Rothenberg, Guarantee, and T.A. Title, American and Rush allege that the receiver and Keith Mack misused the court order appointing the receiver for collateral purposes, namely to coerce the payment of money. They allege that the receiver and Keith Mack entered American's offices and shut the business down, posted a guard at Rush's home, forbade anyone from entering it, and threatened American by stating that law enforcement or insurance department inquiries would go away if certain monies were paid to the underwriters, which it claimed were owed to them by American. After substantial discovery, the appellees moved for summary judgment. The trial court granted summary judgment in favor of Keith Mack on the ground of absolute immunity but denied it as to Rothenberg, the receiver, and the two title insurance companies.
In Levin the supreme court held:
although we did not directly address this issue in Fridovich, [Fridovich v. Fridovich, 598 So.2d 65 (Fla.1992)] we did state in that case that absolute immunity "`arises immediately upon the doing of any act required or permitted by law in the due course of the judicial proceedings.'" 598 So.2d at 66 (quoting Ange v. State, 98 Fla. 538, 541, 123 So. 916, 917 (1929)).
In balancing policy considerations, we find that absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior such as the alleged misconduct at issue, so long as the act has some relation to the proceeding. The rationale behind the immunity afforded to defamatory statements is equally applicable to other misconduct occurring during the course of a judicial proceeding. Just as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct.
Id. at 608 (emphasis in original). Appellants' argument that Levin should be limited *1056 to publications or communications during litigation has no merit. Prior to Levin, the court had already decided that statements amounting to perjury, libel, slander, and defamation were not actionable.
See Fridovich, 598 So.2d at 65; Wright v. Yurko, 446 So.2d 1162, 1164 (Fla. 5th DCA 1984). The essence of Levin was its extension of absolute immunity to acts taken during the proceeding, not just statements made therein. The acts taken here were all done pursuant to the receivership and the order of authority to the receiver.
Pointing to Scozari v. Barone, 546 So.2d 750 (Fla. 3d DCA 1989), appellants argue that attorneys can be sued for the tort of abuse of process. However, Scozari was decided prior to Levin, and there is no indication that a defense of absolute immunity was raised. It is therefore distinguishable.
We have considered whether the claim that the Keith Mack attorneys threatened the appellants by stating that investigations would "go away" if appellants paid the money they owed might be actionable independent of an abuse of process claim as a cause of action for extortion. There is, however, no common law action for damages based upon extortionate conduct. See Bass v. Morgan, Lewis & Bockius, 516 So.2d 1011, 1011 n. 1 (Fla. 3d DCA 1987).
Guarantee Title, T.A. Title, J. William Cotter, and receiver Larry Rothenberg have cross-appealed the denial of their motions for summary judgment which were based upon the same absolute immunity claim. We have no jurisdiction of orders denying motions for summary judgment and therefore cannot address the merits of their claim. See National Assurance Underwriters, Inc. v. Kelley, 702 So.2d 614, 615 (Fla. 4th DCA 1997). Such orders are not within any of the authorized non-final, appealable orders under the appellate rules. See Fla. R.App. P. 9.130. Their appeals are therefore dismissed.
Affirmed.
DELL and TAYLOR, JJ., concur.