783 So.2d 297 (2001)
Vincent E. JAY, Appellant,
v.
Forrest C. MOBLEY, Jr., individually and as trustee, Nancy M. Mobley, individually and as trustee, Matthew S. Nugent, and Caroline K. Nugent, Appellees.
No. 4D00-1711.
District Court of Appeal of Florida, Fourth District.
March 21, 2001.
Rehearing Denied May 11, 2001.
*298 Jennifer S. Carroll, and Diane F. Medley of Law Offices of Jennifer S. Carroll, P.A., and Donald J. Freeman of Donald J. Freeman, P.A., West Palm Beach, for appellant.
Charles M. Pigott, Lake Park, for Appellees-Forrest C. Mobley, Jr ., individually and as trustee, and Nancy M. Mobley, individually and as trustee.
Barbara J. Compiani of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for Appellees-Matthew S. Nugent, and Caroline K. Nugent.
GROSS, J.
Vincent Jay appeals an order dismissing his case with prejudice for failure to state a cause of action. We affirm.
This case concerns a parcel of property located at 501 South Olive Avenue in West Palm Beach. Forrest and Nancy Mobley owned the property as trustees of a revocable trust. Matthew Nugent was a tenant on the property.
Jay and Mr. Mobley exchanged letters concerning Jay's purchase of 501 South Olive. Before Jay could close on the property, Nugent made an offer to buy it, which the Mobleys accepted.
Jay sued the Mobleys for specific performance and breach of contract; he sued Nugent for tortious interference with both a contract and an advantageous business relationship.
The correspondence between the Mobleys and Jay did not create an enforceable contract for the sale of land. The exchange of letters lacked too many essential terms to give rise to a binding contract. See Craig R. Weiner Assocs., Inc. v. Sherden, 444 So.2d 431, 433-34 (Fla. 4th DCA 1983); Cohodas v. Russell, 289 So.2d 55, 58 (Fla. 2d DCA 1974). Therefore, the trial court properly dismissed the counts against the Mobleys for specific performance and breach of contract and against Nugent for tortious interference with a contract.
We now consider the second claim against Nugent, which requires only that there be a business relationship and not an enforceable contract. Assuming that the Jay/Mobley interaction gave rise to an understanding "which in all probability *299 would have been completed" had Nugent not interfered, the third amended complaint still fails to state a cause of action for interference with an advantageous business relationship, because Nugent's conduct was not "unjustified" within the definition of the tort. ISS Cleaning Servs. Group, Inc. v. Cosby, 745 So.2d 460, 462 (Fla. 4th DCA 1999). As we wrote in Cosby:
A party seeking redress pursuant to a claim for tortious interference with a business relationship must show 1) the existence of a business relationship, not necessarily evidenced by an enforceable contract, 2) knowledge of the relationship on the part of the defendant, 3) an intentional and unjustified interference with the relationship, and 4) damage to the plaintiff as a result of the tortious interference with the relationship. An action for tortious interference with a prospective business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered.
Id. (citations omitted).
The tort of tortious interference teeters between two competing values the desire to protect the reasonable expectations of the parties to a business relationship on the one hand, and the need to avoid excessive restrictions on freedom of competition on the other. See Bar J Bar Cattle Co. v. Pace, 158 Ariz. 481, 763 P.2d 545, 548 (1988). Florida "recognizes competition between competitors, and if there is an interference with a non-exclusive right this is a privileged interference." Int'l Expositions, Inc. v. City of Miami Beach, 274 So.2d 29, 31 (Fla. 3d DCA 1973).
Section 768 of the Restatement (Second) of Torts (1979) provides:
(1) One who intentionally causes a third person not to enter into a prospective contractual relation with another who is his competitor ... does not interfere improperly with the other's relation if
(a) the relation concerns a matter involved in the competition between the actor and the other and
(b) the actor does not employ wrongful means and
(c) his action does not create or continue an unlawful restraint of trade and
(d) his purpose is at least in part to advance his interest in competing with the other.
Jay owned the property abutting 501 South Olive to the south. He operated a business there and was interested in using the Mobleys' land for additional parking. Nugent was a longstanding tenant of the Mobleys in the one building on the property. As the property's only tenant, Nugent had an obvious interest in who owned the property. Regarding the desire of Jay and Nugent to use the property for their own purposes, they were competitors for the use and ownership of it. See Bar J Bar Cattle Co., 763 P.2d at 547-48 (finding adjoining rancher found to be competitor of tenant with grazing lease on property); Yiakas v. Savoy, 26 Mass.App.Ct. 310, 526 N.E.2d 1305, 1309 (1988) (holding that defendant who sought to purchase same hotel as plaintiff was a "competitor" who might properly interfere with an expected contractual relationship by "picking the deal off for himself, if, in advancing his own interest, he refrains from employing wrongful means").
As Jay's competitor, Nugent was entitled to approach the Mobleys with a competing offer to buy the property, where there was at most only a prospective contractual relation between the Mobleys *300 and Jay. Nugent told Mr. Mobley about Jay's offer to flip the property to him at a profit. Whether Nugent failed to disclose, as Jay contends, that the offer was in jest was an insignificant aspect of the transaction, not rising to the "wrongful means" contemplated by Section 768(1)(b) of the Restatement. See RESTATEMENT (SECOND) OF TORTS § 768 cmt. e (1979).
AFFIRMED.
STEVENSON and HAZOURI, JJ., concur.