835 So.2d 273 (2002)
BOCA INVESTORS GROUP, INC., Appellant/Cross-Appellee,
v.
Irwin POTASH; Stanley Cohen; Alexander Brodt; Ray Larsen; Suzanne Bosze; Bruce Youner; Murray Norkin; David Paresky; Ira Ostrow; Joe Slotnick; Robert E. Torter; Richard Voell; and Arnold Broser, Appellees/Cross-Appellants.
No. 3D01-2587.
District Court of Appeal of Florida, Third District.
October 16, 2002.
Rehearing and Certification Denied January 29, 2003.
*274 Richman Greer Weil Brumbaugh Mirabito & Christensen, Miami, and Gerald F. Richman, and Gary S. Betensky, West Palm Beach, and Michael J. Napaleone; Bruce S. Rogow and Beverly A. Pohl, Fort Lauderdale, for appellant.
Sacher, Zelman, Van Sant, Paul, Beiley, Hartman, & Waldman and Stanley A. Beiley, Miami; Mandel & McAliley and David S. Mandel and Bernard L. Egozi; Aragon, Burlington, Weil & Crockett and Robert K. Burlington and Ava J. Borrasso; Gilbride, Heller & Brown and Lewis N. Brown and Terence M. Mullen; Genovese Joblove & Battista and David C. Cimo and Brett M. Amron; Holland & Knight and Daniel S. Pearson; Feldman Gale and Weber and Jeffrey D. Feldman and Lawrence S. Gordon; Gil Haddad; Billbrough & Marks and Geoffrey B. Marks; Guy Spiegelman; Kenny Nachwalter Seymour Arnold Critchlow & Spector and Michael Nachtwalter and Amanda M. McGovern; White & Case and Charles C. Kline and Darin A. DiBello; Hyman, Kaplan, Ganguzza, Spector & Mars and Michael L. Hyman and Marc A. Halpern; Broad & Cassel and David A. Freedman; Samuel I. Burstyn; De La O & Marko and Miguel M. de la O; for appellees.
Before COPE, GODERICH and SHEVIN, JJ.
SHEVIN, Judge.
Boca Investors Group, Inc., appeals an order dismissing its fourth amended complaint, entering judgment in defendants' favor on the pleadings and denying its motion to amend the complaint. We affirm.
Boca Investors filed its tortious interference with a business relationship suit to recover damages suffered as a result of defendants' filing three lawsuits that disrupted Boca Investors' efforts to purchase Fisher Island property. Defendants moved for judgment on the pleadings based on absolute litigation privilege. The trial court granted the motion based on Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So.2d 606 (Fla.1994).
In determining the viability of a litigation privilege challenge to a tortious interference with a business relationship claim, the Levin court held that:
absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement, or other tortious behavior such as the alleged misconduct at issue, so long as the act has some relation to the proceeding. *275 Id., at 608. Here, as in Levin, all of the acts alleged in support of the tortious interference claim bear a relationship to the proceedings instituted by defendants. "The privilege arises upon the doing of any act necessarily preliminary to judicial proceedings." Burton v. Salzberg, 725 So.2d 450, 451 (Fla. 3d DCA 1999). Accordingly, those acts must be afforded absolute immunity. We, therefore, affirm the judgment. In addition, we also affirm the denial of the motion to amend the complaint to add a statutory anti-trust claim. Such a claim is also based on statements covered by the litigation privilege. See Burton, 725 So.2d at 451.
Affirmed.
GODERICH, J., concurs.
COPE, J. (concurring).
I concur in the affirmance of the trial court's judgment, but would add the following observations.
I entirely agree that the litigation privilege recognized in Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So.2d 606 (Fla. 1994), bars the tort claims asserted by plaintiff Boca Investors Groups, Inc. The three lawsuits Boca Investors is complaining about remain pending in the trial court. If Boca Investors can establish that there is baseless litigation, then Boca Investors may avail itself of any applicable remedy set forth in Levin. See id. at 608-09. Further, since the Levin decision cites with approval Wright v. Yurko, 446 So.2d 1162 (Fla. 5th DCA 1984), it is evident that the tort of malicious prosecution is available in a proper casebut such a malicious prosecution claim would be premature here, because the underlying litigation has not yet concluded.
The majority opinion accurately quotes Burton v. Salzberg, 725 So.2d 450 (Fla. 3d DCA 1999), an opinion which I joined. The opinion states, "The [litigation] privilege arises upon the doing of any act necessarily preliminary to judicial proceedings." Id. at 451.
Although it does not make a difference in the present case, we misspoke in Burton in using the phrase "necessarily preliminary." The "necessarily preliminary" phrase is no longer the legal test for privilege for presuit communications.
The precursor to the Levin litigation privilege was the absolute defamation privilege for statements made in a lawsuit. In a much-quoted decision, the Florida Supreme Court said that the defamation privilege:
extends to the protection of the judge, parties, counsel, and witnesses, and arises immediately upon the doing of any act required or permitted by law in the due course of the judicial proceedings or as necessarily preliminary thereto.
Ange v. State, 98 Fla. 538, 123 So. 916, 917 (1929) (emphasis added), receded from in part in Fridovich v. Fridovich, 598 So.2d 65 (Fla.1992). In Ange the court held that statements made in applying for a warrant were absolutely privileged, even though there was no pending criminal proceeding.[1]
In Fridovich v. Fridovich, 598 So.2d 65 (Fla.1992), the Florida Supreme Court reconsidered the test to be applied to prelitigation statements. After reviewing the law applied in the various jurisdictions in the United States, the court held that "defamatory statements voluntarily made by *276 private individuals to the police or the State's attorney prior to the institution of criminal charges are presumptively qualifiedly privileged." Id. at 69 (footnotes omitted). The court receded from Ange to the extent of the inconsistency. This means that the Florida Supreme Court has abandoned the "necessarily preliminary" test. Instead, the question of what privilege applies to presuit communications will evolve under case law, depending on the type of communication and the policy considerations involved.
In the present case, Boca Investors complains primarily about three lawsuits which were actually filed, plus certain presuit communications. The presuit communications were communications between the plaintiff condominium owners, potential plaintiffs, and counsel.
I concur with the majority opinion that those communications are protected by the Levin litigation privilege.
NOTES
[1] In a subsequent decision, the Fourth District has given the "necessarily preliminary" phrase a technical reading. See Pledger v. Burnup & Sims, Inc., 432 So.2d 1323, 1327 (Fla. 4th DCA 1983).