943 So.2d 284 (2006)
Fausto MARQUEZ, etc., Appellants,
v.
PANAMERICAN BANK, Appellee.
Nos. 3D05-2756, 3D05-2667.
District Court of Appeal of Florida, Third District.
November 29, 2006.
Duane Morris LLP, and Lida Rodriguez-Taseff, and Scott R. Jablonski, Miami, for appellants.
Greenberg Traurig, P.A., and Stephen A. Mendelsohn, and Geoffrey M. Cahen, Boca Raton, for appellee.
Before GERSTEN, GREEN, and RAMIREZ, JJ.
GREEN, J.
The Marquez Group appeals from the dismissal with prejudice of two counts that it had brought against PanAmerican Bank, one for a creditor action pursuant to section 655.417, Florida Statute (1997), and the other for Tortious Interference with an Advantageous Business Relationship. We affirm.
According to the well-pled allegations, which we accept as true, in 2001, Gulf Bank, a struggling banking institution, entered into an agreed cease and desist order that obligated the bank to submit to oversight by the Florida Division of Banking and to raise its capital reserves. The bank eventually determined that the only way that it could abide by the order was to sell substantially all of its assets.
*286 In December 2002, Gulf Bank solicited offers of purchase. The Marquez Group submitted an offer, as did PanAmerican Bank. Negotiations between Gulf Bank and PanAmerican Bank terminated in May 2003. In June 2003, Gulf Bank advised the Florida Division of Banking that, pending regulatory approval and proper financing, it had reached an agreement for sale with the Marquez Group. That summer, without notice to the Marquez Group, Gulf Bank invited PanAmerican Bank to submit a new offer to purchase Gulf Bank's assets. The new offer submitted by PanAmerican Bank was accepted, and in February 2004, PanAmerican Bank closed on its acquisition of Gulf Bank.
In its second amended complaint the Marquez Group attempted to hold PanAmerican Bank liable, pursuant to section 655.417(3), Florida Statutes, for Gulf Bank's alleged breach of contract.[1] Under this statute, a financial institution that purchases a bank is responsible for the existing liabilities of the bank it purchased. The trial court dismissed this count with prejudice finding that the Marquez Group failed to state a cause of action. We agree.
Section 655.417(3) applies to creditors who had existing claims against the purchased bank prior to the bank being sold. The alleged breach in this case was the sale of the bank and thus by its very nature could not have existed prior to PanAmerican Bank's purchase of Gulf Bank. Accordingly, section 655.417(3) does not apply, and we therefore affirm the dismissal of this count.
In its third amended complaint, the Marquez Group alleged that PanAmerican Bank tortiously interfered with its business relationship with Gulf Bank. Under Florida law, to state a cause of action for tortious interference with a business relationship, the aggrieved party must show four things: 1) the existence of a business relationship with another, 2) the defendant's knowledge of that relationship, 3) an intentional and unjustified interference with the relationship by the defendant, and 4) that the aggrieved party was damaged as a result of the defendant's interference. Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126, 1127 (Fla.1985). Assuming, as we must, that all of the facts averred by the Marquez Group are true, we find only elements one, two, and four to be present in this case. We cannot find PanAmerican Bank's action of submitting an offer to Gulf Bank pursuant to Gulf Bank's invitation to be an actionable or unjustified interference as a matter of law. The Marquez Group has cited no authority for such a proposition and we have located none. Accordingly, we affirm the trial court's dismissal, with prejudice, of that claim. See e.g., Jay v. Mobley, 783 So.2d 297 (Fla. 4th DCA 2001) (competing offer to buy property and subsequent purchase of said property found (on motion to dismiss) not to be an actionable interference). See also Camel Invests., Inc. v. Webber, 468 So.2d 340 (Fla. 1st DCA 1985) (finding it proper to dismiss claim for tortious interference with business relationship *287 where intent element of the action is not fulfilled).
Affirmed.
NOTES
[1] This statute provides that where a bank acquires substantially all of the assets of a selling bank that:

The resulting financial entity in a merger, consolidation, conversion, or acquisition is liable for all obligations of the participating or converting financial entity which existed prior to such action; and the action does not prejudice the right of a creditor of the participating or converting financial entity to have his or her debts paid out of the assets thereof, nor may such creditor be deprived of, or prejudiced in, any action against the officers, directors, members, or other persons participating or converting financial entity for any neglect or misconduct.
§ 655.417(3), Fla. Stat. (1997).