PER CURIAM.
 

 Jesus J. Fernandez appeals the trial court’s final summary judgment granted in favor of appellee, Haber & Ganguzza, LLP. Although we do not agree with the actions taken by the Ganguzza law firm, we affirm because as a matter of law, the law firm is entitled to litigation immunity as to Fernandez’s tortious interference
 
 *645
 
 claim arising from the filing of the lis pendens in conjunction -with pending litigation relating to the subject unit.
 

 Fernandez is the father-in-law of Richard Meruelo, who is a real estate developer and hotel operator. The Miami Beach Club Motel is a 104-condominium complex on Miami Beach located at 19051 Collins Avenue. Its neighbor is Seashore Condominium located at 18975 Collins Avenue. In the fall of 2005, Meruelo decided to purchase all of the units at both Miami Beach Club and Seashore Condominiums, as he planned to convert them into hotel units.
 

 Joseph H. Ganguzza of the law firm of Haber & Ganguzza, LLP, was retained by the condominium association of both these condominiums to provide general services. The members of the Board of Directors of the Seashore Club Condominium Association decided after Meruelo purchased several units to stop him from purchasing any more units. The Board of the Seashore Club Condominium Association was aware that an out of state developer was also interested in acquiring all of the units at the Seashore but only if the Directors were able to get all of the unit owners to sell to him. To obstruct Meruelo’s efforts, the President of the Seashore Condominium Association sent a circular to all Seashore Club owners alerting them to stop any sales, contracts or listing of their units. Similarly, the Directors of the Miami Beach Club Condominium Association did not want Meruelo to acquire control of the Association by owning a majority of the units in the complex. To fight Merue-lo’s efforts, Seashore Club and Miami Beach Club united with Ganguzza and his law firm represented both associations.
 

 On January 19, 2007, Fernandez entered into a contract to purchase a condominium unit at Miami Beach Club from Mireya Rodriguez. Before the transaction was set to close, an officer of the Miami Beach Club Association was alerted that Fernandez was a relative of Meruelo. Fernandez had entered into a contract to purchase a unit at the Seashore Club, but when the Board learned that Fernandez was Merue-lo’s father-in-law, the Association did not approve the sale. Ganguzza, along with officers of the Seashore Condominium Association, interviewed Fernandez in the presence of a court reporter after the Seashore Association suspected that Fernandez was related to Meruelo. His family relationship with Meruelo was the sole reason that the Seashore Club Board declined to approve Fernandez.
 

 Pursuant to Article XIII of the Declaration of Condominium, the Miami Beach Condominium Association had ten days to approve or disapprove the sale to Fernandez. If the Association declined the sale to Fernandez, it had ten days to provide Rodriguez with an approved purchaser who would accept the terms of the sale identical to those terms set forth in the original offer by Fernandez. The Miami Beach Condominium Association did not approve the sale to Fernandez, but it never presented Rodriguez with a replacement buyer within ten days who was willing to purchase the unit on the identical terms found in the Fernandez contract.
 

 Ganguzza’s firm then recorded a lis pen-dens against Rodriguez’s unit and sued Rodriguez and joined Fernandez in the lawsuit to enjoin the sale. Miami Beach Club’s complaint sought injunctive relief to enjoin the sale and force Rodriguez to honor the Declaration. Fernandez was not a party to this restriction because he was not a unit owner. Fernandez answered the suit and countersued Miami Beach Club for tortious interference and to have the trial court interpret Article XIII because Miami Beach Club had sued Fernandez under that provision.
 

 
 *646
 
 Fernandez also sued Ganguzza’s firm for tortious interference. The firm defended on the doctrine that the actions taken by the firm were privileged because the firm was only acting at the client’s request. The firm also argued that the dispute was governed by operation of the Association’s powers under Article XIII and consequently, Fernandez could not sue the firm for tortious interference.
 

 Ganguzza admitted that the lis pendens was filed to prevent the transfer of the subject unit. Ganguzza moved for summary judgment, claiming that the firm had a justifiable privilege to act as it did, as a matter of law.
 

 The trial court concluded that because the lis pendens was part of a lawsuit, there was qualified immunity where no malice shown on the firm’s part. The trial court entered summary judgment for the firm finding that it was acting on the client’s instruction and no malice was shown. This appeal followed.
 

 On appeal, Fernandez contends that the trial court improperly determined that absolute immunity applied and that there was sufficient record evidence of malice to overcome summary dismissal, though malice is not an element of proof to assert tortious interference. Although we believe that Ganguzza and his firm abused the legal process, we do not agree with Fernandez’s position.
 

 The standard of review when a final summary judgment is granted is
 
 de novo. Citizens Property Ins. Corp. v. Mallett,
 
 7 So.3d 552, 556 (Fla. 1st DCA 2009). Where the material facts are not in dispute and a party is entitled to judgment as a matter of law, it is the court’s duty to enter summary judgment.
 
 Castellano v. Raynor,
 
 725 So.2d 1197, 1199 (Fla. 2d DCA 1999).
 

 To maintain a claim for tortious interference, a plaintiff must show: (1) the existence of a business relationship or contract to which a plaintiff is a party; (2) the defendant’s knowledge of the contract; (3) the defendant’s intentional procurement of the contractual breach; (4) the absence of justification or privilege; and (5) the plaintiff suffered damages from the breach.
 
 Marquez v. PanAmerican Bank,
 
 943 So.2d 284, 286 (Fla. 3d DCA 2006).
 

 In the case before us, the trial court correctly granted summary judgment in favor of Ganguzza regarding the tortious interference claim because the undisputed evidence in the record shows the existence of litigation privilege. The actions that Ganguzza’s law firm took, which included preparing and filing the Notice of Lis Pendens, were privileged because they occurred during the course of a judicial proceeding.
 

 In
 
 Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole,
 
 950 So.2d 380 (Fla.2007), the Florida Supreme Court held that absolute immunity applies to any act occurring during the course of a judicial proceeding, whether the underlying claim constitutes a common law tort or a statutory violation, including tortious interference with a business relationship, so long as the act has some relation to the proceeding.
 
 See also Boca Investors Group, Inc. v. Potash,
 
 835 So.2d 273 (Fla. 3d DCA 2002). In the case before us, it is undisputed that the lis pendens filed by Ganguzza’s firm was filed during the course of the judicial proceeding brought by the Association against Fernandez. There was undisputed evidence in the record that the law firm was directed by the Association to prevent the sale, thus the firm was privileged in placing the lis pen-dens in connection with the action for in-junctive relief. Any proceeding based on statements made in connection with a judicial proceeding are not actionable.
 
 See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins.
 
 
 *647
 

 Co.,
 
 639 So.2d 606, 607-08 (Fla.1994).
 
 See also Ross v. Blank,
 
 958 So.2d 437, 441 (Fla. 4th DCA 2007).
 

 Accordingly, the filing of the lis pendens together with the action for injunctive relief was privileged and cannot be the basis of Fernandez’s action for tortious interference. The trial court was correct in granting summary judgment in favor of Ganguz-za’s firm. Although we think that the behavior of the Ganguzza law firm may have been highly unethical, we must affirm.
 

 Affirmed.