[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13280
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:07-cv-00627-HES-JRK

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
STATE FARM FIRE & CASUALTY COMPANY,

Plaintiffs-Appellees,

versus

DUVAL IMAGING, LCC, et al.

Defendants,

STEVEN WARFIELD,
DC, individually and as a member of Duval Imaging, LLC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 28, 2011)

Before HULL, MARTIN and COX, Circuit Judges.

PER CURIAM:

State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company ("State Farm") sued Duval Imaging, LLC ("Duval Imaging") and its three individual members, seeking to recover "no-fault" automobile insurance benefits paid to Duval Imaging between 2002 and 2005. During that time period, State Farm paid Duval Imaging benefits in excess of $490,000 for services provided to State Farm insureds. State Farm alleges those benefits are recoverable because, during that time period, Duval Imaging was operating an unaccredited diagnostic imaging clinic and was submitting false and fraudulent claims to State Farm in order to collect payment. State Farm further contends that Steven Warfield, one of Duval Imaging's individual members, is personally liable for these payments due, in part, to actions he took while serving as the court-appointed receiver of Duval Imaging.

Warfield filed a motion for summary judgment in the district court, arguing that he enjoys absolute immunity with respect to claims against him for his actions while he was receiver. The district court denied Warfield's motion, finding that there are triable issues of fact as to whether he faithfully and carefully carried out the state-court order appointing him receiver. Warfield now appeals, arguing that the district court erred in denying him immunity. After careful review, we affirm the judgment of the district court.

## A. Collateral Order Doctrine

We first consider our jurisdiction in this interlocutory appeal. We ordered supplemental briefing in this case to address the question of whether the collateral order doctrine provides appellate jurisdiction. This jurisdictional question turns on whether the immunity afforded to receivers under Florida law is immunity from suit and liability, or only immunity from liability. Although we have found no reported Florida case directly addressing the question, and the parties have cited none, we conclude that the immunity afforded to receivers under Florida law includes immunity from suit, not merely immunity from liability. The rationale behind the receivership immunity at issue in this case is that litigation participants, such as a receiver, must be "free to use their best judgment in prosecuting or defending a lawsuit *without fear of having to defend their actions* in a subsequent civil action for misconduct." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994) (emphasis added). *See also Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007) ("It is the perceived necessity for candid and unrestrained communications in those [judicial] proceedings, *free of the threat of legal actions* predicated upon those communications, that is at the heart of the rule.") (emphasis

added).  We accordingly find that there is jurisdiction to hear Warfield's interlocutory appeal under the collateral order doctrine.

## B.  Receivership Immunity

State Farm has sued Warfield, an individual member of Duval Imaging with a forty-percent interest in the LLC, in Counts Three, Four, and Six of the Amended Complaint.  State Farm alleges that Warfield committed fraud by operating an unaccredited diagnostic imaging clinic and submitting false and fraudulent claims to State Farm in order to collect payment, and that Warfield is personally liable for such fraud pursuant to Fla. Stat. § 608.4228 (Count Three); that Warfield negligently retained and supervised Tina Valdez, another individual member of Duval Imaging, by allowing her to continue to manage an unaccredited clinic and to submit fraudulent claims to State Farm, and that Warfield is personally liable for such negligence pursuant to Fla. Stat. Ann. § 608.4228 (Count Four); and that Warfield is personally liable to State Farm, under Fla. Stat. § 608.701, for monetary damages resulting from the submission of fraudulent claims because Duval Imaging was a mere instrumentality or alter ego of Warfield (Count Six).[1]   Warfield argues that he is

---

[1]  State Farm's theory of recovery underlying all of these claims is that Duval Imaging was not a properly accredited clinic, and that Duval Imaging submitted false statements to State Farm in order to collect payment. In particular, State Farm claims that: (1) between November 1, 2002 and October 22, 2003, Duval Imaging was not properly registered with the Florida Department of Health; (2) between November 1, 2002, and December 31, 2005, Duval Imaging used a closed MRI unit that was not 100% owned or leased by Duval Imaging; (3) between March 1, 2004 and December 31,

immune as to all of these claims because a state court appointed him receiver of Duval Imaging.

The only issue we address in this appeal is whether the district court erred in denying Warfield summary judgment to the extent the motion was grounded upon immunity.

In March 2005, Warfield filed a state-court action to effect the judicial dissolution of Duval Imaging pursuant to Fla. Stat. § 608.449. Warfield based his request for judicial dissolution on the deadlock that resulted when Tina Valdez, an individual member of the LLC with a forty-percent interest, apparently abandoned Duval Imaging. In connection with his effort to judicially dissolve Duval Imaging, Warfield sought the appointment of a receiver pursuant to Fla. Stat. § 608.4492. He argued that a receiver was necessary because, under the operating agreement, he was not authorized to participate in the operation of the company because he was not a "member-manager" but a mere "member" of the LLC. A Florida state court appointed Warfield the receiver of Duval Imaging, and he was granted "the right and duty to exercise all of the powers of Duval Imaging, LLC, in place of its member-

2005, Duval Imaging was not properly accredited by Florida's Agency for Health Care Administration; (4) between March 1, 2004 and July 31, 2005, Duval Imaging used an open MRI unit that was not 100% owned or leased by Duval Imaging; and (5) Duval Imaging submitted bills either without the signature of a supervising physician or with the signature of Raja Reddy, M.D., without his authority or consent.

manager(s), to the extent necessary to manage the affairs of Duval Imaging LLC, in the best interests of its members and creditors." (R.2-180, Ex. 10 at 26 of 117.) Based on this appointment, Warfield argues he is entitled to immunity for his actions while he was the receiver.

Under Florida law,[2] absolute immunity is "afforded to any act occurring during the course of a judicial proceeding, . . . so long as the act has some relation to the proceeding." *Levin*, 639 So. 2d at 608. Since *Levin*, Florida courts have applied this immunity to causes of action arising from a court-ordered receivership. *Am. Nat'l Title & Escrow of Fla., Inc. v. Guar. Title & Trust Co.*, 748 So. 2d 1054, 1055-56 (Fla. 4th DCA 1999). Citing these precedents, Warfield argues that it matters not whether he was a good, bad, negligent, or even corrupt receiver. According to Warfield, as long as his conduct as receiver bore some relation to a judicial proceeding, then he is absolutely immune. We disagree.

---

[2] We agree with Warfield that Florida law governs whether he is entitled to receivership immunity in this diversity case. *Cf. Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1580-81 (11th Cir. 1994) (Carnes, J., concurring) (explaining that Georgia law governs defense of official immunity in diversity action); *Griesel v. Hamlin*, 963 F.2d 338, 340 (11th Cir. 1992) (noting that the substantive law of the state governs the applicability of immunity to state law claims); *see also Kohlrautz v. Oilmen Participation Corp.*, 441 F.3d 827, 831-33 (9th Cir. 2006) (concluding that state, as opposed to federal, substantive law of official immunity for court-appointed receivers applied to state-law cause of action in diversity suit).

While Florida law does provide immunity to court-appointed receivers, this immunity does not protect a receiver for any and all actions the receiver may take during appointment. To the contrary, the immunity only protects the receiver for acts done "pursuant to the receivership and the order of authority to the receiver." *Am. Nat'l Title*, 748 So. 2d at 1056; *see Murtha v. Steijskal*, 232 So. 2d 53, 55 (Fla. 4th DCA 1970) ("[W]hen a receiver steps outside the authority granted by the court or does things in a personal capacity and not as a receiver, the receiver cannot claim the protection of the court. Thus, if the receiver steps outside the authority and acts or contracts or is guilty of misfeasance or negligence, the receiver can be sued as an individual. . . ." (citation omitted)). After all, the very purpose of the immunity is that litigation participants, such as a receiver, "must be free to engage in unhindered communication" and "be free to use their best judgment . . .without fear of having to defend their actions in a subsequent civil action for misconduct." *Levin*, 639 So. 2d at 608. That justification does not exist when the receiver is no longer acting as a receiver.

Considering that a receiver's immunity under Florida law has its limits, and taking the facts in the light most favorable to State Farm, as we must at the summary judgment stage, there is a genuine issue of material fact as to whether Warfield acted

in accordance with and under protection of the state-court order appointing him receiver. State Farm has produced evidence that would support the conclusion that Warfield did not perform the duties set forth in the state-court order, in particular: (1) Warfield did not take complete possession of the described property as ordered by the court, or attempt to control such property; (2) he never notified any creditors, banks, vendors, insurance companies, health care providers or state regulatory agencies that he was the court-appointed receiver of Duval Imaging; (3) he allowed Duval Imaging to continue to operate in violation of Florida law, as the company was not accredited to engage in MRI services, did not have a proper medical director, illegally used brokered MRI equipment, and submitted forms that were not signed by a medical director or supervising radiologist; and (4) Warfield established a separate bank account to process funds for member distributions, deposited $170,000 into the account, and subsequently distributed the money to himself and others, even though there were over $200,000 in default judgments outstanding. With this evidence, State Farm has created an issue of fact as to whether Warfield faithfully and carefully carried out the state-court order appointing him receiver. We accordingly affirm the denial of Warfield's motion for summary judgment.

AFFIRMED.