FILED
United States Court of Appeals
Tenth Circuit

December 1, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SOLOMON BEN-TOV COHEN,

Plaintiff - Appellant,

v.

REPRESENTATIVE HENRY
WAXMAN, United States Congress;
U.S. CAPITOL POLICE; FRED
BUSCH, Agent, U.S. Capitol Police,

Defendants - Appellees.

No. 10-1283

(D. Colorado)

(D.C. No. 1:08-CV-02188-LTB-CBS)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

## I.    INTRODUCTION

On October 9, 2008, Solomon Ben-Tov Cohen brought a pro se *Bivens*

action in the United States District Court for the District of Colorado seeking

money damages from United States Representative Henry Waxman, the United

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

States Capitol Police, and former United States Capitol Police Special Agent Fred Busch. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He alleged various constitutional and statutory violations arising out of his November 2003 arrest at the office of Congressman Waxman at the Capitol. The district court dismissed without prejudice the claims against all three defendants, and denied Mr. Cohen's motion to change venue to Washington, D.C. Mr. Cohen appeals only the court's denial of his motion to change venue. Finding no abuse of discretion in the court's ruling, we affirm.

## II.  BACKGROUND

Mr. Cohen alleges that on November 25, 2003, he traveled to United States Congressman Henry Waxman's Washington, D.C., office to complain to the Congressman about how local officials had treated him while evicting him from his apartment in West Hollywood, California. A citizen of the United Kingdom, he intended to hand-deliver a letter to the Congressman "asking for [his] support in becoming a US Citizen after 10+ years in the United States." R., Vol. 1 pt. 1 at 108. According to Mr. Cohen, Special Agent Busch "wrongfully and maliciously arrested" him in Congressman Waxman's office "on a fabricated and false charge of '*making threats against a Congressman*' which he later dropped." *Id.*

Mr. Cohen filed suit about five years later, eventually amending his complaint to include nine claims:  (1) violation of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments; (2) deprivation of constitutional rights, privileges,

-2-

and immunities resulting in psychological harm; (3) extreme mental distress caused by the defendants' actions; (4) violation of the First and Sixth Amendment privilege to communicate with Congressman Waxman; (5) intentional arrest without probable cause; (6) damage in the form of loss of personal freedom, pain and suffering, and loss of reputation; (7) conspiracy to prevent Mr. Cohen from meeting with Congressman Waxman and to charge him with a crime he did not commit; (8) improper refusal by Special Agent Busch to disclose his badge number; and (9) bad faith or, alternatively, negligent investigation.

On April 21, 2009, the Capitol Police moved to dismiss for failure to state a claim, and on May 4, 2009, Congressman Waxman moved to dismiss on a variety of grounds, including lack of personal jurisdiction. The magistrate judge issued a report and recommendation on September 21, 2009, recommending that the claims against Congressman Waxman be dismissed for lack of personal jurisdiction because he did not have minimum contacts with Colorado, and that the claims against the Capitol Police be dismissed because "a damages claim under *Bivens* cannot be stated against a federal agency." *Id.*, Vol. 1 pt. 2 at 273. The magistrate judge also recommended denial of Mr. Cohen's request to change venue, noting that neither Congressman Waxman nor the Capitol Police requested a transfer of venue, that Mr. Cohen improperly moved for transfer of venue in his response to the motions to dismiss rather than in a separate motion, and that the decision to transfer is within the district court's discretion. On October 21, 2009,

the district court adopted the magistrate judge's recommendations and dismissed the claims against Congressman Waxman and the Capitol Police without prejudice.

Meanwhile, on October 5, 2009, Special Agent Busch had moved to dismiss the claims against him, arguing, among other things, that the court lacked personal jurisdiction over him. And two months after the dismissal of Congressman Waxman and the Capitol Police, Mr. Cohen moved for a change of venue to Washington, D.C., because "if the case is not transferred," a newly filed action "will be time-barred." *Id.* at 337. The magistrate judge addressed both motions in a single report and recommendation, recommending dismissal of Special Agent Busch and not transferring venue. Adopting the recommendations, the district court dismissed Special Agent Busch and denied Mr. Cohen's motion for change of venue on June 23, 2010. Mr. Cohen timely appealed.

## III.   DISCUSSION

Mr. Cohen's only argument on appeal is that "[t]he District Court erred in refusing to transfer the case to DC." Aplt. Br. at 3. He notes that the court's lack of personal jurisdiction over a defendant can be cured by transferring venue. And because a newly filed case would be time-barred by the District of Columbia's applicable one-year statute of limitations, he asserts that the court erred by "NOT ruling that transfer IS in the interests of justice." *Id.*

Under 28 U.S.C. § 1404(a), a district court may transfer a case to another venue in which it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). In deciding whether the movant has met that burden, a district court should consider:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* at 1516 (internal quotation marks omitted). Unless weighing these factors demonstrates that "the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (brackets and internal quotation marks omitted).

Ironically, in this case it is the plaintiff who desires a transfer from the forum he originally selected. Only now that he knows that he will lose in that forum does he seek another. But the law rarely favors two bites at the apple.

-5-

Only a neutral reason—one not designed to favor one party over another—can justify a transfer. As the district court reasonably found, however, none of the considerations listed in *Chrysler Credit Corp.* argue for venue in Washington, D.C., over Colorado. Mr. Cohen's sole argument for the transfer is to avoid a statute-of-limitations bar. But the Washington, D.C., statute of limitations would easily bar Mr. Cohen's claim even if this case were transferred, unless he can show that the limitations period was tolled by his mental disability—a showing that would necessarily rely on witnesses from Colorado, where he has resided during the relevant period. *See Chrysler Credit Corp.*, 928 F.2d at 1516 (accessibility of witnesses is factor to weigh under § 1404(a)). All in all, we cannot say that denial of the motion to transfer was an abuse of discretion.

## IV. CONCLUSION

We AFFIRM the district court's denial of Mr. Cohen's motion to change venue and DENY his motion for leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge