810 So.2d 996 (2002)
AMERICAN NATIONAL TITLE & ESCROW OF FLORIDA, INC. and Barbara Rush, Appellants,
v.
The GUARANTEE TITLE & TRUST COMPANY, an Ohio corporation, T.A. Title Insurance Company, a Pennsylvania corporation, American Pioneer Title Insurance Company, a Florida corporation, Keith, Mack, Lewis, Cohen & Lumpkin, attorneys at law, Robert Cohen, Esq., Jeffrey Shapiro, Esq., Larry A. Rothenberg, Equity Title Company/Southeast, Thomas H. Mongan, J. William Cotter, Douglas Pollock, Rafael Toledo, Information Data Services, and Crown Bank, a Federal savings bank, Appellees.
No. 4D00-4555.
District Court of Appeal of Florida, Fourth District.
February 20, 2002.
Rehearing Denied March 25, 2002.
*997 Moises Melendez and Robert C. Weill of Heinrich, Gordon, Hargrove, Weihe & James, P.A., Fort Lauderdale, for appellants.
Kenneth R. Drake of DeMahy, Labrador & Drake, P.A., Coral Gables for appellee Larry A. Rothenberg.
C. Deborah Bain of C. Deborah Bain, P.A., North Palm Beach, for appellees Douglas Pollock, Rafael Toledo and Information Data Services.
Susan E. Trench and Jonathan E. Kanov of Goldstein, Tanen & Trench, P.A., Miami, for appellee Equity Title Company/Southeast.
Robert G. Menzies of Roetzel & Andress, a Legal Professional Association, Naples for appellee Guarantee Title & Trust Company.
John H. Pelzer of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellee T.A. Title Insurance Company.
Thomas H. Justice, III of Killgore, Pearlman, Stamp, Ornstein & Squires, P.A., Orlando, for American Pioneer Title Insurance Company.
M. Bradley Luczak and Barry J. Sobering of Sobering, White & Luczak, P.A., Winter Park for appellee Crown Bank, a federal savings bank.

ON MOTION FOR CLARIFICATION
KLEIN, J.
We grant the appellees' motion for clarification, withdraw our opinion previously filed on January 2, 2002 and substitute the following opinion.
Appellant plaintiffs sued the appellees, alleging a number of causes of action, including abuse of process, malicious prosecution, tortious interference, conspiracy, and intentional infliction of emotional distress. The trial court dismissed plaintiffs' second amended complaint for failure to state a cause of action, because all defendants' actions arose during the course of *998 judicial proceedings, and were therefore privileged. We reverse.
Plaintiff American National is a title insurance agency, and plaintiff Barbara Rush is its president. Three of the defendants are title insurance underwriters, and plaintiff American National was authorized through agency agreements to issue title insurance policies insured by those defendants. The other defendants include a competing title insurance agent, a bank, and a business which performs investigations.
The trial court concluded that all claims were barred by the litigation privilege based on our earlier opinion in this case affirming a summary judgment in favor of a different defendant, a law firm. Am. Nat'l Title & Escrow of Fla., Inc. v. Guarantee Title & Trust Co., 748 So.2d 1054 (Fla. 4th DCA 1999), rev. denied, 767 So.2d 453 (Fla.2000). In that appeal we reviewed plaintiffs' claims for abuse of process and related tortious conduct against the Keith Mack law firm. The firm, representing two of the title insurers, had obtained a temporary injunction and an order appointing a receiver for plaintiff American National. We affirmed because the misconduct alleged against the firm was done pursuant to court orders and was therefore protected by the absolute immunity afforded conduct related to judicial proceedings.
After that appeal was concluded plaintiffs amended their complaint to include different factual allegations, theories of recovery, and parties. The trial court dismissed the complaint with prejudice, holding that all allegations against all parties were protected by the same litigation privilege which this court applied to the Keith Mack law firm.
Defendants argue that we should affirm this dismissal based on the litigation privilege and other facts which are not contained within the complaint. We cannot, however, go beyond the facts alleged in the complaint. Ramos v. Mast, 789 So.2d 1226 (Fla. 4th DCA 2001). An argument that we should consider facts extraneous to the complaint has about the same chance of resulting in an affirmance of a dismissal as confessing error.
The litigation privilege on which the trial court relied is an affirmative defense. Fridovich v. Fridovich, 573 So.2d 65 (Fla. 4th DCA 1990). When we held that the litigation privilege barred the plaintiffs' claims against the law firm in this case, we were reviewing a summary judgment, not a dismissal for failure to state a cause of action. The trial court erred in dismissing on that basis.
This case is also distinguishable from the prior appeal in that entirely different misconduct is alleged in the amended complaint. Among the different allegations against these defendants is that, in order to extort a settlement and put plaintiff out of business, the defendants conspired to maliciously give false information to law enforcement authorities resulting in plaintiff Rush being wrongfully arrested, jailed, and charged with crimes.
These allegations, if proved, would not be protected by the absolute litigation privilege which protected the law firm for doing things pursuant to court orders. They would enjoy at most a qualified privilege, which could be overcome by proof that false information was given to law enforcement authorities with the intent to injure plaintiff. Fridovich v. Fridovich, 598 So.2d 65 (Fla.1992).
The trial court, in addition to dismissing all counts based on the litigation privilege, held that two of the counts, intentional infliction of emotional distress and tortious interference, did not state a cause of action.
*999 In order to recover for intentional infliction of emotional distress plaintiff must demonstrate that 1) the defendant acted recklessly or intentionally; 2) the defendant's conduct was extreme and outrageous; 3) the defendant's conduct caused the plaintiff's emotional distress; and 4) plaintiff's emotional distress was severe. Johnson v. Thigpen, 788 So.2d 410, 412-13 (Fla. 1st DCA 2001)(citing Metro. Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla.1985)).
In Fridovich v. Fridovich, 598 So.2d 65 (Fla.1992), our supreme court upheld a cause of action for intentional infliction of emotional distress where it was alleged that the defendants had conspired to make false statements to the authorities which resulted in the plaintiff's arrest, trial and conviction of a crime. The allegations in the present case pertaining to plaintiff Rush's being charged with crimes state a cause of action for intentional infliction of emotional distress.
The court also erred in concluding that the complaint did not state a cause of action for tortious interference against American Pioneer. American Pioneer argues that the court was correct because it was already in a relationship with the plaintiff. Ethyl Corp. v. Baiter, 386 So.2d 1220, 1224 (Fla. 3d DCA 1980)(a cause of action for tortious interference does not exist against one who is himself a party to the business relationship with which there has allegedly been interference). This is not a case, however, in which a defendant is a party to the contract or business relationship interfered with. The allegations against American Pioneer are that it improperly interfered with relationships between American National and its customers. Those customers were buyers or sellers of real estate who had retained American National to close their real estate transactions. The fact that American National had a relationship with American Pioneer does not preclude American National from suing American Pioneer for interfering in American National's relationships with third persons. Scheller v. Am. Med. Intern., Inc., 502 So.2d 1268 (Fla. 4th DCA 1987)(a pathologist who was in contractual relationship with a hospital through the medical staff by-laws could sue the hospital for tortiously interfering with his relationships with patients and referring physicians).
We affirm the dismissal of all claims against defendants Mongan, Cotter, and Rothenberg and the dismissal of the tortious interference claims against T.A. Title and Guarantee Title, as plaintiffs concede we should, but reverse the dismissal of all other claims.
POLEN, C.J., and STEVENSON, JJ., concur.