ROTHENBERG, J.
The issue in this appeal is whether the litigation privilege, which protects actions taken in the course of and related to a judicial proceeding from civil liability, applies to causes of action for: (1) abuse of process; and (2) malicious prosecution. Because the law is clear that the litigation privilege applies to abuse of process, we affirm the trial court’s order granting judgment on the pleadings in favor of the defendants below as to that cause of action. Although the law is not as clear whether the litigation privilege also applies to a cause of action for malicious prosecution, we: (1) conclude that it does; and (2) affirm the trial court’s order finding that the litigation privilege also applies to a cause of action for malicious prosecution.
The operative facts are as follows. Richard Ferrrell and Harold Wolfe, who are partners in a limited liability company (“The Boatslip”), were involved in litigation in Monroe County over control of The Boatslip. The Monroe County litigation ultimately was settled.
Ferrell, who was dissatisfied with the outcome, sued his partners in the United States District Court for the Southern District of Florida (“the Federal case”). Ferrell’s New York counsel retained the ap-pellees, two Miami attorneys and their law firm (the “Miami Lawyers”), to serve as local counsel. The Miami Lawyers filed a complaint on January 6, 2007. On March 6, 2007, when the Miami Lawyers received documents from Wolfe demonstrating that the issues raised in the Federal case were raised and settled in the Monroe County suit, the Miami Lawyers immediately notified Ferrell that they could not ethically pursue his claims and must withdraw. The Miami Lawyers withdrew from the Federal case on March 13, 2007, after seeking and receiving permission from the Federal court to do so, as required under applicable rules. On September 13, 2007, six months after the Miami Lawyers withdrew, Ferrell’s complaint was dismissed and final judgment was entered. The United States Circuit Court affirmed the dismissal.
Wolfe, Harold E. Wolfe, Jr., P.A., and Harold E. Wolfe, Jr., Revocable Trust (collectively, “Wolfe”) the appellants here, sued the Miami Lawyers for abuse of process and malicious prosecution. The trial court granted the Miami Lawyers’ motion for judgment on the pleadings, finding that the pleadings demonstrated that the alleged wrongful actions were taken in the course of and related to litigation and were thus absolutely privileged under Florida law.

LEGAL ANALYSIS

Our standard of review of the trial court’s judgment on the pleadings is de novo. Martinez v. Fla. Power & Light Co., 863 So.2d 1204, 1205 (Fla.2003); Walker v. Figarola, 59 So.3d 188, 189 (Fla. 3d DCA 2011). The litigation privilege was first recognized in Florida in 1907 to provide legal immunity for actions that occur in judicial proceedings. Myers v. Hodges, 53 Fla. 197, 44 So. 357 (1907). In Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So.2d 606, 608 (Fla.1994), the Florida Supreme Court extended the liti *69 gation privilege, already applicable to defamatory statements (slander and libel) and perjury, to all other torts so long as the act complained of occurs during and has some relation to the proceedings, stating:
[W]e find that absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior such as the alleged misconduct at issue, so long as the act has some relation to the proceeding.... [Participants [must] be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct.
The Levin plaintiff alleged that the defendant law firm tortiously interfered with the plaintiffs relationship with its attorneys by listing the attorneys as witnesses in a separate case in order to prevent them from serving as attorneys in that case. Id. at 607. The Levin court held the attorneys’ conduct was shielded against the plaintiffs suit by Florida’s litigation privilege. Id.
Thirteen years after Levin, the Florida Supreme Court clarified that “[t]he litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin,” Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So.2d 380, 384 (Fla. 2007), and reaffirmed that “[a]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding ... so long as the act has some relation to the proceeding.” Echevarria, 950 So.2d at 384 (quoting Levin, 639 So.2d at 608), see also DelMonico v. Traynor, 116 So.3d 1205 (Fla.2013) (clarifying that, although not all statements made outside of the formal judicial process are protected by the litigation privilege, an absolute privilege applies to conduct occurring during the course of the proceedings).
Because the litigation privilege protects the judge, parties, counsel, and witnesses, Ange v. State, 98 Fla. 538, 123 So. 916 (1929), the issue we must resolve in this appeal is whether the acts alleged “oc-curredfed] during the course of a judicial proceeding.” Levin, 639 So.2d at 608.

ABUSE OF PROCESS

The elements of a cause of action for abuse of process under Florida law are: (1) an illegal, improper, or perverted use of process by the defendant; (2) an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) damages to the plaintiff as a result. Valdes v. GAB Robins N. Am. Inc., 924 So.2d 862 (Fla. 3d DCA 2006).
Because it is undisputed that the acts relating to abuse of process complained of here occurred after the complaint was filed and were related to the judicial proceedings, the litigation privilege applies to Wolfe’s cause of action for abuse of process. See LatAm Invs., LLC v. Holland & Knight, LLP., 88 So.3d 240 (Fla. 3d DCA 2011) (holding that the litigation privilege applies to abuse of process claims where the conduct occurred during and was related to the judicial proceedings); Am. Nat’l Title & Escrow of Fla. v. Guarantee Title & Trust Co., 748 So.2d 1054, 1055 (Fla. 4th DCA 2000) (affirming the trial court’s order granting summary judgment in favor of the law firm in an action for abuse of process on the basis of absolute immunity and on the authority of Lev-in); see also LatAm, 88 So.3d at 243 (concluding that the application of the litigation privilege to a cause of action for abuse of process does not eliminate that cause of action because the privilege only *70 applies to acts taken during and related to the judicial proceedings). The trial court, therefore, correctly granted judgment on the pleadings in favor of the Miami Lawyers, and we affirm the trial court’s order as to Wolfe’s abuse of process claim.

MALICIOUS PROSECUTION

The elements for a malicious prosecution cause of action are that a judicial proceeding: (1) was commenced against the plaintiff; (2) was instigated by the defendant; (3) ended in favor of the plaintiff; (4) was instigated with malice; (5) was commenced without probable cause; and (6) resulted in damage to the plaintiff. Valdes, 924 So.2d at 866 n. 1 (quoting Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352,1355 (Fla.1994)).
In answering the question as to whether the litigation privilege applies to a cause of action for malicious prosecution, we are guided and restrained by the broad language and application of the privilege articulated by the Florida Supreme Court in Levin and Echevama. In Levin, the Florida Supreme Court held that “absolute immunity must be afforded to any act occurring during the course of a judicial proceeding ... so long as the act has some relation to the proceeding.” Levin, 639 So.2d at 608. In Echevama, the Court reiterated its broad application of privilege “applies in all causes of action, statutory as well as common law.” Echevama, 950 So.2d at 380-81.
It is difficult to imagine any act that would fit more firmly within the parameters of Levin and Echevama than the actual filing of a complaint. The filing of a complaint, which initiates the judicial proceedings, obviously “occurs during the course of a judicial proceeding” and “relates to the proceeding.”
The Florida Supreme Court also used very broad language in articulating the policy reasons or rationale for adopting the litigation privilege and applying the litigation privilege to all actions taken during and related to the judicial proceedings. The Florida Supreme Court explained that, “Just as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct.” Echevarria, 950 So.2d at 384 (quoting Levin, 639 So.2d at 608) (emphasis added). “It is the perceived necessity for candid and unrestrained communication in those proceedings, free of the threat of legal actions predicated upon those communications, that is the heart of the rule. The nature of the underlying dispute simply does not matter.” Eche-vama, 950 So.2d at 384.
Because the Florida Supreme Court has clearly and unambiguously stated, not once, but twice, that the litigation privilege applies to all causes of actions, and specifically articulated that its rationale for applying the privilege so broadly was to permit the participants to be “free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct,” we are obligated to conclude that the act complained of here — the filing of the complaint — is protected by the litigation privilege. Thus, the trial court properly granted a judgment on the pleadings for Wolfe’s cause of action against the Miami Lawyers for malicious prosecution.
We are also unpersuaded by the argument that, unlike other torts, the application of the litigation privilege to the tort of malicious prosecution would effectively eliminate malicious prosecution as a cause *71 of action all together. In the instant case, the acts complained of were the actual filing of the complaint and the brief prosecution of the case by the Miami Lawyers. These acts indisputably occurred during and were related to the judicial proceedings, and are therefore protected by the litigation privilege. Acts committed prior to the filing of the complaint may not, in some cases, enjoy the broad protection of the privilege. For example, in Olson v. Johnson, 961 So.2d 356, 360 (Fla. 2d DCA 2007), the court found that the litigation privilege did not protect the three women who allegedly filed a police report falsely accusing Olson of stalking. Based on their accusations, Olson was arrested. At trial, Olson presented physical evidence that established that he was six miles away purchasing items at a department store during the time the three women claimed he was stalking Johnson. Olson was acquitted and sued the three women for malicious prosecution and abuse of judicial process. The Second District concluded that the litigation privilege did not apply “to a complaining witness such as Johnson who is named as a defendant in a malicious prosecution action.” Id. at 360-61; see also Am. Nat’l Title & Escrow of Fla., 810 So.2d at 998 (rejecting a claim of absolute privilege and finding that the defendants would enjoy at most a qualified privilege for allegedly providing law enforcement with false information with the intent to injure the plaintiffs).
Additionally, the Florida Supreme Court in Levin noted that while tortious conduct may be protected under the litigation privilege,
[t]his does not mean, however, that a remedy for a participant’s misconduct is unavailable in Florida. On the contrary, just as “[rjemedies for perjury, slander, and the like committed during judicial proceedings are left to the discipline of the courts, the bar association, and the state,” Wright, 446 So.2d at 1164, other tortious conduct occurring during litigation is equally susceptible to that same discipline.
Levin, 639 So.2d at 608-09.
Accordingly, we affirm the trial court’s order granting the Miami Lawyers’ motion for judgment on the pleadings on Wolfe’s causes of action against the Miami Lawyers for abuse of process and malicious prosecution
Affirmed.
CORTIÑAS, J., concurs.