DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEPHEN FISCHER,**
Appellant,

v.

**RICHARD DEBRINCAT** and **JASON DEBRINCAT,**
Appellees.

No. 4D14-1855

[ July 15, 2015 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Peter D. Blanc, Judge; L.T. Case No. 2009CA015835XXXXMB.

John M. Jorgensen and S. Brian Bull of Scott, Harris, Bryan, Barra & Jorgensen, P.A., Palm Beach Gardens, for appellant.

Barry W. Taylor of Taylor & Taylor Law, P.A., Palm Beach Gardens, for appellees.

TAYLOR, J.

The issue presented in this appeal is whether the litigation privilege bars a claim for malicious prosecution. In appellant's malicious prosecution action below, the trial court granted appellees' motion for summary judgment and later entered final judgment against appellant. We reverse and hold that the litigation privilege cannot be applied to bar the filing of a claim for malicious prosecution where the elements of that tort are satisfied.

Appellees commenced a civil lawsuit against various defendants and later added appellant as a party defendant. In the underlying proceeding, appellees sued appellant for defamation, defamation per se, tortious interference, and conspiracy. Appellees later dropped appellant from the underlying proceeding.

Appellant then brought the instant action for malicious prosecution against appellees, claiming that appellees acted with malice towards him in pursuing the underlying proceeding against him without probable

cause.

Appellees raised the litigation privilege as an affirmative defense in their operative answer.

Appellees eventually moved for summary judgment, arguing that the litigation privilege afforded them immunity for their conduct of joining appellant as a defendant in the underlying lawsuit. Appellees relied upon *Wolfe v. Foreman*, 128 So. 3d 67 (Fla. 3d DCA 2013), a case holding that the litigation privilege applies to a cause of action for malicious prosecution. The trial court granted appellees' motion for summary judgment and later entered a final judgment in their favor.

Appellant argues that the trial court improperly granted summary judgment based solely upon the litigation privilege. He contends that the tort of malicious prosecution is based upon the unfounded prior civil proceeding itself and not the acts taken in the course of that proceeding.

In response, appellees argue that the trial court correctly found that the litigation privilege precluded appellant's action against them for malicious prosecution. Appellees contend that when they joined appellant as a defendant in the underlying lawsuit, they were protected by the litigation privilege because they were performing an "act required or permitted by law in the due course of the judicial proceedings or as necessarily preliminary thereto."

The standard of review applicable to a summary judgment posing a pure question of law is de novo. *Eco-Tradition, LLC v. Pennzoil-Quaker State Co.*, 137 So. 3d 495, 496 (Fla. 4th DCA 2014).

Malicious prosecution is a "very ancient" cause of action, one that has long been recognized by the Florida Supreme Court. *See, e.g., Tatum Bros. Real Estate & Inv. Co. v. Watson*, 92 Fla. 278, 288, 109 So. 623, 626 (1926). To prevail in a malicious prosecution action, a plaintiff must establish the following six elements:

> (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the

part of the present defendant, and (6) the plaintiff suffered damage as a result of the original proceeding.

*Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994).

There is, however, some tension between the tort of malicious prosecution and the litigation privilege. Florida's litigation privilege has its roots in *Myers v. Hodges*, 53 Fla. 197, 210, 44 So. 357, 361 (1907), in which our supreme court held that defamatory statements made in the course of a judicial proceeding are absolutely privileged if they are relevant to the proceeding, but are protected only by a qualified privilege—which can be overcome by a showing of malice—if they are irrelevant to the proceeding.

As a general proposition, the litigation privilege "extends to the protection of the judge, parties, counsel, and witnesses, and arises immediately upon the doing of any act required or permitted by law *in the due course of the judicial proceedings or as necessarily preliminary thereto*." *Ange v. State*, 98 Fla. 538, 541, 123 So. 916, 917 (1929) (emphasis added), *receded from in part by Fridovich v. Fridovich*, 598 So. 2d 65, 69 (Fla. 1992) (holding that "defamatory statements voluntarily made by private individuals to the police or the state's attorney prior to the institution of criminal charges are presumptively qualifiedly privileged," and receding from *Ange* to the extent it is inconsistent with that ruling) (footnotes omitted).

The Florida Supreme Court eventually extended the litigation privilege doctrine beyond its traditional application to defamatory statements, holding that "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior . . . so long as the act has some relation to the proceeding." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994). The supreme court reasoned: "Just as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct." *Id.*

The Florida Supreme Court later explained that "[t]he litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007).

Relying upon the broad language of *Levin* and *Echevarria*, the Third District has held that the litigation privilege applies to a cause of action for malicious prosecution. *See Wolfe*, 128 So. 3d at 68-70. In *Wolfe*, the Third District affirmed a judgment on the pleadings in favor of the defendants on the plaintiff's cause of action for malicious prosecution, concluding that the defendants' acts of filing a complaint and briefly prosecuting a civil case were protected by the litigation privilege because those actions "indisputably occurred during and were related to" the judicial proceeding. *Id.* at 70-71. The court reasoned: "It is difficult to imagine any act that would fit more firmly within the parameters of *Levin* and *Echevarria* than the actual filing of a complaint. The filing of a complaint, which initiates the judicial proceedings, obviously 'occurs during the course of a judicial proceeding' and 'relates to the proceeding.'" *Id.* at 70. The Third District was "also unpersuaded by the argument that, unlike other torts, the application of the litigation privilege to the tort of malicious prosecution would effectively eliminate malicious prosecution as a cause of action [altogether]." *Id.* at 70-71. The Third District believed that "[a]cts committed prior to the filing of the complaint may not, in some cases, enjoy the broad protection of the privilege." *Id.* at 71.

In our view, *Wolfe* went too far in its application of the litigation privilege. Because the commencement or continuation of an original criminal or civil judicial proceeding is an act "occurring during the course of a judicial proceeding" and having "some relation to the proceeding," malicious prosecution could never be established if causing the commencement or continuation of an original proceeding against the plaintiff were afforded absolute immunity under the litigation privilege. If the litigation privilege could apply to bar a malicious prosecution action, this would mean that the tort of malicious prosecution would be effectively abolished in Florida—or, at the very least, eviscerated beyond recognition.

The Florida Supreme Court has long recognized the viability of a cause of action for malicious prosecution. *See, e.g., Burns v. GCC Beverages, Inc.*, 502 So. 2d 1217, 1218 (Fla. 1986); *Adams v. Whitfield*, 290 So. 2d 49, 51 (Fla. 1974); *Tatum Bros.*, 92 Fla. at 288, 109 So. at 626.

Moreover, other cases have recognized that the litigation privilege does not bar a malicious prosecution action. For example, in *Wright v. Yurko*, 446 So. 2d 1162, 1164-65 (Fla. 5th DCA 1984), which was cited with approval in *Levin*, the Fifth District held that the litigation privilege did not bar a claim for malicious prosecution that was brought against the two underlying plaintiffs and their expert witness. While the Fifth District recognized that torts such as "perjury, libel, slander, defamation, and the

4

like" were not actionable when committed in connection with judicial proceedings, the court explained that "[t]he *only* private remedy in this context allowed or recognized is the ancient cause of action of malicious prosecution." *Id.* at 1164-65 (emphasis added).

Similarly, in a post-*Echevarria* case, the Second District held that a plaintiff's claim for malicious prosecution was not barred by the litigation privilege where the defendants allegedly made a false criminal complaint against the plaintiff. *See Olson v. Johnson*, 961 So. 2d 356 (Fla. 2d DCA 2007). In an opinion authored by then-Judge Canady, the Second District emphasized the unique nature of malicious prosecution actions:

> In relying on *Fridovich*, Johnson confuses the law of defamation—with which *Fridovich* deals—with the law of malicious prosecution—which is at issue in the instant case. *. . . There is no equivalent privilege available to a complaining witness . . . who is named as a defendant in a malicious prosecution action.* Such a defendant must defend against a malicious prosecution claim by disputing an element or elements of the cause of action alleged or by raising an applicable affirmative defense.

*Id.* at 360-61 (emphasis added); *see also Am. Nat'l Title & Escrow of Fla., Inc. v. Guarantee Title & Trust Co.*, 810 So. 2d 996, 998 (Fla. 4th DCA 2002) (reversing trial court's dismissal of various claims, including malicious prosecution, where the plaintiffs alleged that the defendants conspired to maliciously give false information to law enforcement: "These allegations, if proved, would not be protected by the absolute litigation privilege which protected the law firm for doing things pursuant to court orders. They would enjoy at most a qualified privilege . . . .").

To be sure, *Echevarria* contains broad language stating that the litigation privilege applies "in all causes of action, whether for common-law torts or statutory violations." 950 So. 2d at 384. But this language could not have been intended "to sweep so broadly" as to provide absolute immunity from liability for malicious prosecution. *Cf. DelMonico v. Traynor*, 116 So. 3d 1205, 1208 (Fla. 2013) ("We hold that Florida's absolute privilege, as this Court has developed the common law doctrine, was never intended to sweep so broadly as to provide absolute immunity from liability to an attorney for alleged defamatory statements the attorney makes during ex-parte, out-of-court questioning of a potential, nonparty witness in the course of investigating a pending lawsuit.").

As a practical matter, such a broad application of the litigation privilege would mean that a malicious prosecution claim would rarely, if ever, be actionable. Indeed, it is difficult to envision how a malicious prosecution claim would ever be actionable where the original proceeding was a civil lawsuit.

The Florida Supreme Court has declared that it "does not intentionally overrule itself sub silentio." *Puryear v. State*, 810 So. 2d 901, 905 (Fla. 2002). If the litigation privilege could be applied to bar a malicious prosecution action, this would mean that the Florida Supreme Court silently eviscerated the longstanding common law tort of malicious prosecution. Had the Florida Supreme Court truly meant for the litigation privilege to immunize conduct that would otherwise constitute malicious prosecution under the common law, one would have expected the court to say so explicitly.

Commencement or continuation of an original judicial proceeding is an element of malicious prosecution, a longstanding tort with ancient roots. It is unfathomable that the Florida Supreme Court intended to cloak the commencement or continuation of a judicial proceeding with absolute immunity when such conduct occurs as an element of the tort of malicious prosecution.

California has addressed this issue. Although California—like Florida—has an extraordinarily broad litigation privilege, the California Supreme Court has explained that the litigation privilege does not apply to the tort of malicious prosecution. *See Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990). Under California law, the litigation privilege is absolute in nature and applies to all torts "except malicious prosecution." *Id.* at 211-12, 215.

Malicious prosecution is *sui generis* because "[t]he essence of the tort of malicious prosecution is the misuse of legal machinery for an improper purpose." *Rushing v. Bosse*, 652 So. 2d 869, 874 (Fla. 4th DCA 1995). "This tort has its own special elements and defenses." *Wright*, 446 So. 2d at 1165. The wrongful act is committed when the tortfeasor—acting with malice and without probable cause—engages in conduct causing the commencement or continuation of a judicial proceeding against the plaintiff. An action for malicious prosecution—which is based as a matter of law on causing the commencement or continuation of an original judicial proceeding—could never occur outside the context of litigation.

In short, we conclude that the litigation privilege cannot be applied to bar the filing of a claim for malicious prosecution. We reverse the

summary judgment, remand for further proceedings, and certify conflict with *Wolfe*.

　　*Reversed.*

MAY and DAMOORGIAN, JJ., concur.

*　　*　　*

　　***Not final until disposition of timely filed motion for rehearing.***