DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAURA M. WATSON,**
Appellant,

v.

**STEWART TILGHMAN FOX & BIANCHI, P.A.,**
**WILLIAM C. HEARON, P.A., TODD S. STEWART, P.A.,**
**LARRY S. STEWART** and **WILLIAM C. HEARON** individually,
Appellees.

No. 4D14-957

[November 4, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Beatrice A. Butchko, Judge; L.T. Case No. 09-25826 13.

David B. Pakula of David B. Pakula, P.A., Southwest Ranches, for appellant.

Robert M. Klein, Mark J. Sullivan and Andrew M. Feldman of Klein Glasser Park & Lowe, P.L., Miami, for appellees.

PER CURIAM.

The plaintiff appeals from the circuit court's order granting the defendants' sworn motion to strike the plaintiff's complaint – alleging libel and slander, abuse of process, and malicious prosecution – as a sham pleading, and entering final judgment for the defendants. The plaintiff argues the court erred in four respects: (1) striking the complaint as a sham without holding an evidentiary hearing; (2) abusing its discretion in striking the complaint as a sham; (3) finding that the litigation privilege barred the plaintiff's malicious prosecution claim; and (4) finding that the litigation privilege barred the plaintiff's abuse of process claim.

We affirm on grounds one, two, and four without further discussion. On ground three, we recognize that the circuit court erred in finding that the litigation privilege barred the plaintiff's malicious prosecution claim, because the court did not have the benefit of our recent decision in *Fischer v. Debrincat*, 169 So. 3d 1204, 1205 (Fla. 4th DCA 2015) ("The litigation privilege cannot be applied to bar the filing of a claim for malicious

prosecution where the elements of that tort are satisfied."), *rev. granted*, No. SC15-1477 (Fla. Oct. 5, 2015). However, that error is moot given our affirmance of the court's correct decision to strike the plaintiff's complaint as a sham.

*Affirmed.*

CIKLIN, C.J., GERBER, J., and JOHNSON, LAURA, Associate Judge, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2