PER CURIAM.
The plaintiff appeals from the circuit court’s order granting the defendants’ sworn motion to strike the plaintiffs complaint — alleging libel and slander, abuse of process, and malicious prosecution — as a sham pleading, and entering final judgment for the defendants. The plaintiff argues the court erred in four respects: (1) striking the complaint as a sham without holding an evidentiary hearing; (2) abusing its discretion in striking the complaint as a sham; (3) finding that the litigation privilege barred the plaintiffs malicious prosecution claim; and (4) finding that the litigation privilege barred the plaintiffs abuse of process claim.
We affirm on grounds one, two, and four without further discussion. On ground three, we recognize that the circuit court *533 erred in finding'that the litigation privilege barred the plaintiffs malicious prosecution claim, because the court did not have the benefit of our recent decision in Fischer v. Debrincat, 169 So.3d 1204, 1205 (Fla. 4th DCA 2015) (“The litigation privilege cannot be applied to bar the filing of a-claim for malicious prosecution where the elements of that tort aré satisfied.”)) rev. granted, No. SC15-1477, 2015 WL 5917884 (Fla.2015). However, that error is moot given our affirmance -of the court’s correct decision to strike the plaintiffs complaint as a sham.

Affirmed.

CIKLIN, C.J., GERBEIt, J., and JOHNSON, LAURA, Associate Judge, concur. - .