# Supreme Court of Florida

_____

No. SC15-1477
_____

**RICHARD DEBRINCAT, et al.**,
Petitioners,

vs.

**STEPHEN FISCHER**,
Respondent.

[February 9, 2017]

POLSTON, J.

The Fourth District Court of Appeal in Fischer v. Debrincat, 169 So. 3d 1204 (Fla. 4th DCA 2015), held that the litigation privilege did not bar the filing of a malicious prosecution claim that was based upon the act of adding a party defendant to a civil suit. We have jurisdiction because the Fourth District also certified conflict with the Third District Court of Appeal's decision in Wolfe v. Foreman, 128 So. 3d 67 (Fla. 3d DCA 2013). See art. V, § 3(b)(4), Fla. Const. For the following reasons, we approve the Fourth District's decision in Fischer and disapprove the Third District's decision in Wolfe to the extent it is inconsistent with our decision.

# I. BACKGROUND

The original civil proceeding, which gave rise to Stephen Fischer's claim for malicious prosecution, was filed around November 2007 by Richard Debrincat and Jason Debrincat against a group of defendants. Stephen Fischer was later added as a party defendant in an amended complaint and was also named in a second amended complaint. In the underlying proceeding, the Debrincats sued Fischer for "defamation, defamation per se, tortious interference, and conspiracy." Fischer, 169 So. 3d at 1205. The Debrincats "later dropped [Fischer] from the underlying proceeding." Id.

On May 4, 2009, Fischer brought an action against the Debrincats for malicious prosecution, claiming that the Debrincats "acted with malice towards him in pursuing the underlying proceeding against him without probable cause." Id. The Debrincats "eventually moved for summary judgment, arguing that the litigation privilege afforded them immunity for their conduct of joining [Fischer] as a defendant in the underlying lawsuit." Id. The Debrincats relied upon the Third District's decision in Wolfe, "a case holding that the litigation privilege applies to a cause of action for malicious prosecution." Id. "The trial court granted the [Debrincats'] motion for summary judgment and later entered a final judgment in their favor." Id.

On appeal, the Fourth District reversed and held "that the litigation privilege cannot be applied to bar the filing of a claim for malicious prosecution." Id. at 1209. The Fourth District explained that "[t]he Florida Supreme Court has long recognized the viability of a cause of action for malicious prosecution" and that, "[i]n [its] view, Wolfe went too far in its application of the litigation privilege." Id. at 1207. The Fourth District reasoned as follows:

> Because the commencement or continuation of an original criminal or civil judicial proceeding is an act "occurring during the course of a judicial proceeding" and having "some relation to the proceeding," malicious prosecution could never be established if causing the commencement or continuation of an original proceeding against the plaintiff were afforded absolute immunity under the litigation privilege. If the litigation privilege could apply to bar a malicious prosecution action, this would mean that the tort of malicious prosecution would be effectively abolished in Florida—or, at the very least, eviscerated beyond recognition.

Id.

Accordingly, the Fourth District "reverse[d] the summary judgment, remand[ed] for further proceedings, and certif[ied] conflict with Wolfe." Id. at 1209.

## II. ANALYSIS

The Debrincats argue that the litigation privilege should bar Fischer's claim for malicious prosecution, which was based upon the Debrincats' act of adding

- 3 -

Fischer as a party defendant in a civil proceeding. We disagree.[1]

"The law has long recognized that judges, counsel, parties, and witnesses should be absolutely exempted from liability to an action for defamatory words published in the course of judicial proceedings, regardless of how false or malicious the statements may be, as long as the statements bear some relation to or connection with the subject of inquiry." DelMonico v. Traynor, 116 So. 3d 1205, 1211 (Fla. 2013); see also Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co., 639 So. 2d 606, 608 (Fla. 1994) ("[A]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior . . . so long as the act has some relation to the proceeding."). "[This] litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin." Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So. 2d 380, 384 (Fla. 2007). However, this Court has explained that its "recognition of the [litigation] privilege derived from a balancing of two competing interests—the public interest in allowing litigants and counsel to freely and zealously advocate for their causes in court versus protecting the rights of

_____

1. Because this is a pure question of law, it is subject to de novo review. See Bosem v. Musa Holdings, Inc., 46 So. 3d 42, 44 (Fla. 2010).

- 4 -

individuals, including the right of an individual to maintain his or her reputation and not be subjected to slander or malicious conduct." DelMonico, 116 So. 3d at 1217.

Importantly, the cause of action for malicious prosecution has also long been recognized in the State of Florida. See Tatum Bros. Real Estate & Inv. Co. v. Watson, 109 So. 623, 626 (Fla. 1926). To prevail in a malicious prosecution action, this Court has explained that a plaintiff must establish the following elements:

> (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.

Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1355 (Fla. 1994).

Applying the litigation privilege here would eviscerate this long-established cause of action for malicious prosecution. Specifically, the first element of a claim for malicious prosecution is that "an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued." Id. (emphasis added). Certainly, the filing of a lawsuit and the joining of a party defendant is the commencement of a judicial proceeding against that party as delineated in Alamo.

Indeed, as the Fourth District cogently explained in Fischer, "[a]n action for malicious prosecution—which is based as a matter of law on causing the commencement or continuation of an original judicial proceeding—could never occur outside the context of litigation." 169 So. 3d at 1209. Therefore, "malicious prosecution could never be established if causing the commencement or continuation of an original proceeding against the plaintiff were afforded absolute immunity under the litigation privilege." Id. at 1207.

This Court has never held that the litigation privilege protects a litigant from a claim of malicious prosecution. And other district courts have recognized that the litigation privilege does not act as a bar to a malicious prosecution claim. See Olson v. Johnson, 961 So. 2d 356, 360-61 (Fla. 2d DCA 2007); Wright v. Yurko, 446 So. 2d 1162, 1164-65 (Fla. 5th DCA 1984).

### III.  CONCLUSION

Accordingly, we hold that the litigation privilege does not bar the filing of a claim for malicious prosecution that was based on adding a party defendant to a civil suit. We approve the Fourth District's decision in Fischer and disapprove the Third District's decision in Wolfe to the extent it is inconsistent with this decision.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, and CANADY, JJ., concur.
LAWSON, J., did not participate.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

      Fourth District - Case No. 4D14-1855

      (Palm Beach County)

Paul Morris of the Law Offices of Paul Morris, P.A., Miami, Florida,

      for Petitioners

John Marshall Jorgensen and Stephen Brian Bull of Scott, Harris, Bryan, Barra & Jorgensen, P.A., Palm Beach Gardens, Florida,

      for Respondent

Franklin Lewis Zemel, Susan Eileen Trench, and Ariel Rebecca Deray of Arnstein & Lehr LLP, Fort Lauderdale, Florida,

      for Amicus Curiae American Federated Title Corporation

Philip Mead Burlington of Burlington & Rockenbach, P.A., West Palm Beach, Florida,

      for Amicus Curiae Florida Justice Association