# Third District Court of Appeal

## State of Florida

Opinion filed July 26, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-758
Lower Tribunal No. 10-59832
_____

## American Federated Title Corporation,
Appellant,

vs.

## Allen Gross & Edith Gross,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Marc Schumacher, Judge.

Arnstein & Lehr LLP, and Susan E. Trench and Franklin L. Zemel (Fort Lauderdale), for appellant.

Law Offices of Sheldon Zipkin, P.A., and Sheldon Zipkin, for appellees.


Before EMAS, LOGUE and SCALES, JJ.

SCALES, J.

On Motion to Withdraw Previous Opinion

On April 8, 2015, this Court issued a per curiam affirmance of the trial court's dismissal, with prejudice, of Appellant American Federated Title Corporation's claim for malicious prosecution and abuse of process against Appellees Allen Gross and Edith Gross. Like the trial court's dismissal order, our affirmance cited to Wolfe v. Foreman, 128 So. 3d 67 (Fla. 3d DCA 2013).

After denying American Federated's post-opinion motions, this Court issued its mandate on May 29, 2015. Less than two months later, on July 15, 2015, the Fourth District Court of Appeal issued its opinion in Fischer vs. Debrincat, 169 So. 3d 1204 (Fla. 4th DCA 2015). In Debrincat, our sister court declined to follow this Court's decision in Wolfe, and certified conflict between the two cases. Fla. R. App. P. 9.030(a)(2)(A)(iv). On August 6, 2015, the non-prevailing party in Debrincat sought to invoke the Florida Supreme Court's jurisdiction to resolve this conflict by filing a Notice of Discretionary Jurisdiction with the Supreme Court. Shortly thereafter, on August 20, 2015, American Federated filed with this Court its motion to recall mandate pursuant to section 43.44 of the Florida Statutes and Florida Rule of Appellate Procedure 9.340(a) (section 43.44 and rule 9.340(a) provide a mechanism for a party to seek to have an appellate court recall its mandate, if the motion is made within 120 days of the issuance of a mandate).

We granted American Federated's motion and recalled our May 29, 2015 mandate pending the Florida Supreme Court's jurisdictional determination (and, if

2

jurisdiction were accepted, merits determination) of the <u>Debrincat</u> case. The Florida Supreme Court accepted jurisdiction, and, on February 9, 2017, the Florida Supreme Court issued its opinion in <u>Debrincat v. Fischer</u>, 217 So. 3d 68 (Fla. 2017), which disapproved of <u>Wolfe v. Foreman</u>, thereby vitiating this Court's decision in the instant case.

American Federated's appeal to this Court was occasioned by the trial court's March 10, 2014 dismissal, with prejudice, of American Federated's claims against the appellees sounding in malicious prosecution and abuse of process. These claims were contained in counts IV and IX of American Federated's August 19, 2013 second amended complaint. The trial court's reasoning, based on <u>Wolfe v. Foreman</u>, was that the litigation privilege barred American Federated's action against the appellees.

Because the Florida Supreme Court in <u>Debrincat</u> has disapproved of <u>Wolfe v. Foreman</u>, we grant American Federated's motion, withdraw our April 8, 2015 opinion, reverse the trial court's March 10, 2014 dismissal order, and remand to allow appellees to file, within twenty days of our renewed mandate in this case, a renewed response to American Federated's second amended complaint.

Motion to withdraw previous opinion granted; reversed and remanded with instructions consistent with this opinion.