# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60249
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
November 22, 2017

Lyle W. Cayce
Clerk

THOMAS M. UTTERBACK,

Plaintiff−Appellant,

versus

TRUSTMARK NATIONAL BANK; HAND ARENDALL, L.L.C.,

Defendants−Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:15-CV-163

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Thomas Utterback sued Trustmark National Bank ("Trustmark") and Hand Arendall, L.L.C., in the court *a quo*, claiming that they had made tortious

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60249

statements against him in the course of earlier litigation. Nearly two years after Utterback sued, the district court informed the parties that it would be granting defendants' motion to dismiss. Utterback responded quickly with a motion to transfer to another district. The district court denied the motion and dismissed all claims. On appeal, Utterback, appearing *pro se*, asserts only that the court abused its discretion in denying transfer. We find no abuse and affirm.

I.

Utterback, a citizen and resident of Missouri, was an attorney licensed to practice there until 1998, when he pleaded guilty of money-laundering and surrendered his license. He served twenty-five months of a three-year term. In March 2003, after being discharged from supervised release, he moved to Florida.

The case before us arises out of litigation in the Florida state and federal courts between BankTrust, a Mississippi bank and Trustmark's predecessor in interest, and CCB, LLC, the investment entity that employed Utterback as its manager. Over the course of that litigation, which spanned from November 2011 to March 2013, attorneys from Hand Arendall, the Alabama law firm representing BankTrust, consistently alleged, through motions and a formal complaint to the Florida Bar, that Utterback was managing the litigation without a license.

In March 2015, Utterback sued Trustmark and Hand Arendall in the Southern District of Mississippi, asserting defamation, invasion of privacy, intentional infliction of emotional distress, tortious interference with business relationships, and abuse of process, all on the basis of defendants' accusations that he had practiced law without a license. Defendants moved to dismiss on the grounds that they were absolutely immune from liability under Florida's

No. 17-60249

litigation privilege and that all but one of Utterback's claims were barred by Mississippi's one-year statute of limitations. In February 2017, after the district court announced that it would be granting defendants' motion but before it issued a formal ruling, Utterback moved to transfer to the Northern District of Florida.[1]

The district court denied transfer and granted defendants' motions to dismiss.[2] Sitting in diversity and tasked with the application of state law, the court began by properly applying the forum's choice-of-law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496–97 (1941). Under Mississippi's "center of gravity" test, the substantive law of the state with the "most substantial contact with the parties and the subject matter of the action" should control. *Boardman v. United Servs. Auto. Ass'n,* 470 So.2d 1024, 1031 (Miss. 1985). Florida's substantive law applied because all of the allegedly tortious conduct occurred there. But because Mississippi's one-year statute of limitations was deemed procedural in nature,[3] it foreclosed all but one of Utterback's claims.[4] His remaining claim for tortious interference was dismissed as both

---

[1] The motion to transfer invoked an assortment of federal rules and statutes, including Federal Rules of Civil Procedure 12(b)(2) (motion to dismiss for lack of personal jurisdiction) and 12(b)(3) (motion to dismiss for improper venue) and removal statutes 28 U.S.C. §§ 1404 and § 1406.

[2] The district court also denied Utterback's motions to defer ruling on defendants' motion to dismiss and to abate entry of judgment in favor of allowing Utterback to file an amended complaint. Utterback challenges neither on appeal.

[3] Under Mississippi law, statutes of limitations are deemed procedural unless the limitations period is intertwined with the cause of action such that "expiration of the limitations period extinguishes the right." *Robinson v. Gen. Motors Corp.*, 150 F. Supp. 2d 930, 932 (S.D. Miss. 2001) (quoting *Siroonian v. Textron, Inc.*, 844 F.2d 289, 292 (5th Cir. 1988)). Because, under Florida law, none of Utterback's claims intertwines with a limitations period, Mississippi's one-year period applied.

[4] Mississippi's statute reads, "All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after. MISS. CODE. ANN.

No. 17-60249

deficient on its face and duplicative of his defamation claim.

In addition, the district court held that Florida's litigation privilege immunized the defendants for their allegedly tortious statements. Under Florida law, "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior such as the alleged misconduct at issue, so long as the act has some relation to the proceeding." *Levin, Middlebrooks, Mamie, Thomas, May & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994). Because Hand Arendall had consistently argued that CCB's attorneys should be disqualified as counsel if they knew of Utterback's unlicensed practice, all of their allegations bore "some relation" to the underlying litigation.

## II.

Utterback's sole issue on appeal is whether the district court abused its discretion in refusing to transfer. It did not. We review "all questions concerning venue under the abuse of discretion standard. The trial court is entitled to broad discretion in ruling on motions to transfer venue, and its decision will be upheld absent abuse of discretion." *United States v. Asibor*, 109 F.3d 1023, 1037 (5th Cir. 1997); *see also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Utterback maintains that transfer was required because of improper

---

§ 15-1-35 (West). Mississippi state courts have extended this limitations period to cover actions for invasion of privacy, *see Young v. Jackson*, 572 So. 2d 378, 382 (Miss. 1990), intentional infliction of emotional distress, and abuse of process, *see Maas v. Moran*, No. 1:11CV287-LG-RHW, 2013 WL 4456154, at *9 (S.D. Miss. Aug. 16, 2013) (discussing relevant state court decisions).

venue.[5] But the argument is not his to make. When a case is filed in the wrong venue, 28 U.S.C. § 1406(a) instructs district courts either to dismiss or, "if it be in the interest of justice," to transfer to a district where venue is proper. Section 1406(b) adds that "[n]othing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to venue." Like personal jurisdiction, venue is "designed to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.,* 443 U.S. 173, 183–84 (1979); *see also In re Volkswagen of Am., Inc.,* 545 F.3d 304, 313 (5th Cir. 2008) (en banc). Therefore, "a plaintiff, by bringing the suit in a district other than that authorized by the statute, relinquishe[s] his right to object to the venue." *Olberding v. Ill. Cent. Ry. Co.,* 346 U.S. 338, 340 (1953). Where defendants waive their objection to venue, as they did in this case, 28 U.S.C. § 1406(a) affords plaintiffs no relief.

Alternatively, Utterback suggests the district court abused its discretion in misweighing the equities under § 1404(a), which authorizes transfer of "any civil action to any other district or division where it might have been brought" if it serves the "convenience of parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a).[6] Although he chose to sue in Mississippi and liti-

---

[5] Likewise, he claims transfer was necessary because the court lacked personal jurisdiction. But like improper venue, the personal jurisdiction claim is not his to raise. Defendants settled the matter when they waived personal jurisdiction in their initial motions to dismiss. FED. R. CIV. P. 12(h)(1).

[6] Factors relevant to the convenience inquiry include "(1) 'the relative ease of access to sources of proof'; (2) 'the availability of compulsory process to secure the attendance of witnesses'; (3) 'the cost of attendance for willing witnesses'; (4) 'all other practical problems that make the trial of a case easy, expeditious and inexpensive'; (5) 'the administrative difficulties flowing from court congestion'; (6) 'the local interest in having localized interests decided at home'; (7) 'the familiarity of the forum with the law that will govern the case'; and

gated there for two years, Utterback now asserts that Florida is the more convenient forum because (a) the events occurred there and (b) witnesses reside there. He adds that transfer is required as a matter of justice because it would (c) avoid Mississippi's one-year statute of limitations and allow for a fair resolution of his claims on the merits and (d) permit a court in Florida to decide the scope of that state's litigation privilege.[7]

Unfortunately for Utterback, the first three of those theories come two years too late, and the last is wholly baseless. Utterback selected Mississippi as his forum, and the parties have since committed considerable time and resources to litigating there. Given the timing of Utterback's motion, it would emphatically not serve the interest of justice to allow him to take a second "bite[] at the apple" in Florida, just after learning that he would lose in Mississippi.[8]

Utterback insists the timing of his motion is immaterial to the § 1404(a) analysis. Our caselaw suggests the opposite.[9] On the question of convenience, timing is obviously salient, and after almost two years of litigation in Mississippi, Utterback has missed his window to litigate in Florida.[10]

---

(8) the avoidance of unnecessary problem of conflict of laws." *In re Radmax, Ltd.*, 720 F.3d 285 (5th Cir. 2013) (quoting *Volkswagen*, 545 F.3d at 315).

[7] Utterback also raises arguments related to his status as an ex-felon, but those claims lack merit.

[8] *See Cohen v. Waxman*, 421 F. App'x 801, 803 (10th Cir. 2010) (finding no abuse of discretion in denial of transfer under similar facts).

[9] *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428 (5th Cir. 1989) (finding no abuse of discretion in denying defendant's § 1404(a) motion filed eighteen months after the case was remanded, because "[p]arties seeking a change of venue should act with 'reasonable promptness.'") (quoting 15 C. WRIGHT, A. MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3844, at 335–37 (1986)).

[10] Additionally, Utterback fails to identify with any specificity *which witnesses* and *what evidence* would be inaccessible in Mississippi but readily available in Florida. Without more, we cannot credit such vague and conclusional assertions.

No. 17-60249

Utterback's final argument—that his cases raises a novel state-law issue that ought to be decided in Florida—likewise is baseless. Although Florida courts are best positioned to decide difficult questions of Florida law, Utterback's case presents no such complexity. In dismissing his complaint, the district court considered *Debrincat v. Fischer*, 217 So. 3d 68 (Fla. 2017), to which Utterback repeatedly cites, and found it inapposite. *Debrincat* held that malicious-prosecution claims are not necessarily barred by the litigation privilege because litigation is a necessary element of the claim. *Id.* at 70. In cases like these, application of the litigation privilege would effectively "eviscerate[]" the cause of action. *Id.* at 69. Because none of Utterback's claims arises exclusively in the context of litigation, the logic of *Debrincat* has no application to his case. And even if it did, that interest would by no means counterbalance the two years of delay weighing heavily against transfer.

The judgment of dismissal is AFFIRMED.