# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Nos. 1D16-2282/1D16-2283/1D16-3833
_____

INLET BEACH CAPITAL
INVESTMENTS, LLC, and DAVID
PEARSON,

    Appellants,

    v.

THE ENCLAVE AT INLET BEACH
OWNERS ASSOCIATION, INC., a
Florida not for profit
corporation, BECKER &
POLIAKOFF, P.A., JOHN
TOWNSEND, JAY ROBERTS,
RAYMOND NEWMAN, JAMES G.
WALDSCHMIDT, MARIJANE
GLEESON WALDSCHMIDT,
RANDALL BROWN, DIANA TIBBS,
and ALAN MANCUSO,

    Appellees.

_____

On appeal from the Circuit Court for Walton County.
Thomas R. Santurri, Judge.

January 17, 2018

WOLF, J.

This appeal arises from three final orders dismissing with prejudice appellants' amended complaint in each case. We have

consolidated these cases into a single appeal, as appellants raise the same issues in each case: whether the litigation privilege bars their claims of malicious prosecution against appellees for filing and maintaining allegedly baseless foreclosure and declaratory actions against appellants, and whether each of the amended complaints stated valid causes of action for malicious prosecution and conspiracy to commit malicious prosecution. We find the litigation privilege does not bar appellants' claims, which state valid causes of action for malicious prosecution and conspiracy to commit malicious prosecution.

The Florida Supreme Court recently addressed whether the litigation privilege[1] can bar an otherwise valid claim for malicious prosecution in *Debrincat v. Fischer*, 217 So. 3d 68 (Fla. 2017). In *Debrincat*, the court held that the litigation privilege does not bar the filing of a malicious prosecution claim that was based on adding, and later dropping, a party defendant to a civil suit because "'malicious prosecution could never be established if causing the commencement or continuation of an original proceeding against the plaintiff were afforded absolute immunity under the litigation privilege.'" *Id.* at 70 (quoting *Fischer v. Debrincat*, 169 So. 3d 1204, 1207 (Fla. 4th DCA 2015)). Appellees assert that *Debrincat* should only apply in situations where a party is added to the litigation.

We see nothing in the language in *Debrincat* to support this conclusion. Appellees offer no explanation as to why the reasoning in *Debrincat* should not apply to the instant cases, where appellants were the original defendants in the underlying

---

[1] The litigation privilege is an exemption that protects judges, counsel, parties, and witnesses "'from liability to an action for defamatory words published in the course of judicial proceedings, regardless of how false or malicious the statements may be, as long as the statements bear some relation to or connection with the subject of inquiry.'" *Debrincat v. Fischer*, 217 So. 3d 68, 69-70 (Fla. 2017) (quoting *DelMonico v. Traynor*, 116 So. 3d 1205, 1211 (Fla. 2013)).

action. We hold that the litigation privilege is not an absolute bar to appellants' claims of malicious prosecution.

Next we turn to whether appellants' causes of action properly stated claims for malicious prosecution and conspiracy to commit malicious prosecution. The Florida Supreme Court has explained that a cause of action asserting malicious prosecution must establish the following elements:

> (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) *the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff*; (4) there was an absence of probable cause for the original proceeding; (5) *there was malice on the part of the present defendant*; and (6) the plaintiff suffered damage as a result of the original proceeding.

*Debrincat*, 217 So. 3d 68 at 70 (emphasis added) (quoting *Alamo Rent–A–Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994)).

In the instant case, the trial court was required to accept as true all of the factual allegations made in the complaints. *Andrew v. Shands At Lake Shore, Inc.*, 127 So. 3d 1289 (Fla. 1st DCA 2013); *Locker v. United Pharm. Grp., Inc.*, 46 So. 3d 1126, 1127-28 (Fla. 1st DCA 2010). In the complaints, appellants alleged that the basis for appellees' voluntary dismissal of the underlying foreclosure action was appellees' lack of a valid cause of action. Documents attached to the complaints support this assertion. Accordingly, at the motion to dismiss stage of the litigation, appellants' allegations were sufficient to establish that the underlying action was ended in a bona fide termination in favor of appellants. *See Cohen v. Corwin*, 980 So. 2d 1153, 1155 (Fla. 4th DCA 2008).

Lastly, appellants' complaints sufficiently allege malice because the complaints alleged that appellees chose to maintain the foreclosure suit against appellants for over a year after they

3

were aware that they did not have a valid cause of action. *See Alamo Rent-A-Car*, 632 So. 2d at 1357. While the attached documents raise factual issues concerning appellees' reason for not dismissing the underlying foreclosure action sooner, the documents as a whole do not directly contradict appellants' assertion of maliciousness.[2]

In summation, the litigation privilege does not bar a malicious prosecution action, and the trial court erred in dismissing appellants' malicious prosecution and conspiracy to commit malicious prosecution claims. Accordingly, we REVERSE and REMAND all three final orders for further proceedings consistent with this opinion.

WINOKUR and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Bruce S. Rogow and Tara Campion of Bruce S. Rogow, P.A., Fort Lauderdale; William S. Howell, Jr. of William S. Howell, Jr., P.A., Santa Rosa Beach; and Fred D. Bentley, Jr., pro hac vice, of Bentley, Bentley & Bentley, Marietta, GA, for Appellants.

James K. Parker and Yvette R. Lavelle of Boyd Richards Parker & Colonnelli, P.L., Miami, for Appellees Becker & Poliakoff, P.A., John Townsend, Jay Roberts, and Raymond Newman.

William K. Thames of Vernis & Bowling of Northwest Florida,

_____

[2] "The inference of malice from the absence of probable cause is not one of law but merely a presumption of fact which may be rebutted. This is an inference which the jury is not required to draw, and which it should not draw if other facts disclosed by the evidence lead to a different conclusion." *Colonial Stores Inc., v. Scarborough*, 355 So. 2d 1181, 1185 (Fla. 1977).

4

P.A., Pensacola, for Appellees The Enclave at Inlet Beach Owners Association, Inc., James G. Waldschmidt, Marijane Gleeson Waldschmidt, Randall Brown, Diana Tibbs, and Alan Mancuso.